### GARDNER v. UNITED STATES.

### COUDREY v. SAME.

#### (Circuit Court of Appeals, Eighth Circuit. February 5, 1916.)

#### Nos. 4219, 4220.

1. POST OFFICE &48(4)—CRIMINAL OFFENSES—FRAUDULENT USE OF MAILS—INDICTMENT.

An indictment, after alleging that defendants fraudulently, knowingly, and unlawfully devised a scheme and artifice to defraud persons and classes of persons therein mentioned and described and the public in general, and for obtaining money and property by means of false and fraudulent pretenses and promises from such persons and classes of persons and the public in general, and thereby defrauding them, set forth with great detail the character of the scheme and falsified the averments by proper allegations. *Held*, that the indictment was sufficient, especially when attacked only by motion in arrest of judgment.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 72; Dec. Dig. &48(4).]

2. POST OFFICE &48(4)—CRIMINAL OFFENSES—FRAUDULENT USE OF MAILS—INDICTMENT.

While, in an indictment for using the mails in the execution or attempted execution of a scheme to defraud, the particulars of the scheme are matters of substance, and must be described with certainty sufficient to show the existence and character of the scheme, and to particularly acquaint accused with the particular fraudulent scheme charged, the scheme need not be pleaded with all the certainty as to the place and circumstances requisite in charging the gist of the offense, the mailing of the letter or other articles in execution or attempted execution of the scheme.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 72; Dec. Dig. &48(4).]

3. CRIMINAL LAW &815(4)—FRAUDULENT USE OF MAILS—INSTRUCTIONS—IGNORING ISSUES.

Rev. St. § 5480, as amended by Act March 2, 1889, c. 393, § 1, 25 Stat. 873 (Comp. St. 1913, § 10385), provided that if any person, having devised or intending to devise any scheme or artifice to defraud, to be effected by opening or intending to open correspondence or communication with any person by means of the post office establishment, or by inciting such other person to open communication with him, shall, in and for executing such scheme, or attempting so to do, place or cause to be placed any letter, etc., in any post office, branch post office, etc., or take or receive any such therefrom, he shall be punished as therein provided. On a trial for a viola-

tion thereof, the court charged that to authorize a conviction it must appear that defendants devised a scheme to defraud, and for the purpose of executing it, or attempting so to do, deposited or caused to be deposited in the post office for the purpose of having it sent by mail and in furtherance of the scheme certain letters and circulars, that certain matters were immaterial if defendants devised a scheme to fraudulently obtain money from parties by opening correspondence with them through the mails, and that the questions to be kept in view were whether defendants devised a scheme with intent to defraud, and whether with intent to execute such scheme they deposited or caused to be deposited in the mails certain letters and circulars. *Held*, that this narrowed the issues to the prejudice of defendant, since, under section 5480 as it existed prior to the Penal Code, an intention to effect the scheme by opening or intending to open correspondence through the mails, or inciting other persons to open communication, with defendants, was an essential element of the scheme, and the court erred in refusing an instruction stating as one of the elements of the offense that the scheme was to be so effected.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1986; Dec. Dig. ☞815(4).]

4. CRIMINAL LAW ☞844(1)—EXCEPTIONS TO INSTRUCTIONS.

An exception to the action and ruling of the court "in giving said instructions and each of them" was no exception at all, as the court's attention was not drawn to any portion of the charge, so that it might be corrected, if necessary.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2025; Dec. Dig. ☞844(1).]

5. CRIMINAL LAW ☞846—EXCEPTIONS TO INSTRUCTIONS—JOINT DEFENDANTS.

On the trial jointly of defendants, indicted jointly, but represented on the trial by separate counsel, objections would sometimes be made and exceptions taken by counsel for one defendant, and sometimes by counsel for the other. *Held*, that a request by counsel for one of the defendants for an instruction, and an exception taken by him to its refusal, could be invoked in behalf of the other defendant, as the real object of making objections and taking exceptions is to call the trial court's attention especially to some point of law, and this object was accomplished when one counsel called the court's attention thereto.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. ☞846.]

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Harry B. Gardner and Harry M. Coudrey were convicted of offenses, and they bring error. Reversed, and new trial ordered.

P. H. Cullen, of St. Louis, Mo. (Thomas T. Fauntleroy and C. M. Hay, both of St. Louis, Mo., and J. C. Pratt, of Winder, Ga., on the brief), for plaintiff in error Gardner.

Walter B. Douglas, of St. Louis, Mo., for plaintiff in error Coudrey.

Arthur L. Oliver, U. S. Atty., and Vance J. Higgs, Asst. U. S. Atty., both of St. Louis, Mo. (W. H. Woodward, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for defendant in error.

Before ADAMS and CARLAND, Circuit Judges, and TRIEBER, District Judge.

CARLAND, Circuit Judge. Gardner and Coudrey were jointly indicted and convicted of a violation of section 5480, R. S. U. S., as amended by the act of March 2, 1889. They sued out separate writs of error to review the judgment of conviction, and the same have been

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

consolidated for the purpose of hearing and decision. Taking up the case of Gardner, No. 4219, we find the following alleged errors properly assigned:

(1) "The court erred in refusing to sustain the defendant's demurrer to the evidence at the close of the whole case as to the first, second, third, fourth, fifth, sixth, and seventh counts of the indictment."

(2) "The court erred in overruling the defendant's motion in arrest of judgment."

We pass for future disposition assignment of error No. 1, and dispose of assignment No. 2 by saying that this defendant in his motion in arrest presented no grounds for arresting the judgment.

Coming to the case of Coudrey, No. 4220, we find the following alleged errors properly assigned:

(1) "The court erred in refusing to sustain the defendant's demurrer to the evidence at the close of the whole case, as to the first, second, third, fourth, fifth, sixth, and seventh counts of the indictment."

(2) "The court erred in overruling its motion in arrest of judgment."

The court erred in refusing to charge the jury as follows:

(3) "The court instructs the jury that the offense charged against the defendants contains three elements: First, the devising or intending to devise a scheme or artifice to defraud; second, such scheme or artifice to defraud to be effected by opening or intending to open correspondence, by means of the postal service of the United States, with any person or persons, or by inciting the other person to open communication with the person so devising or intending; and, third, for the purpose of executing or carrying into effect such scheme, actually placing a letter in the mails."

Passing assignment No. 1 and coming to assignment No. 2, we find that this assignment directly raises the sufficiency of the indictment, as the principal ground upon which Coudrey moved in arrest was that the indictment or any of its counts did not state facts sufficient to constitute an offense under the laws of the United States.

It is first objected that counts 1 and 2 of the indictment are fatally defective for want of an averment that the defendants mailed the letters set forth in the indictment for the purpose of executing the alleged scheme. We cannot understand this objection, for both counts charge in reference to the mailing of the letters that they were mailed or placed in the post office "in and for the purpose, and with the intention on their part of executing and effecting the said scheme and artifice and attempting so to do." It is next urged that each count of the indictment is fatally defective for want of a specification distinctly setting forth the artifice and fraud, for want of an averment of intent, and because the indictment is vague, uncertain, and blends several distinct schemes in one count and attempts to charge that several different classes of persons were victimized by separate, distinct, and widely varying schemes.

[1] The indictment after alleging that the defendants did fraudulently, knowingly, and unlawfully devise a certain scheme and artifice to defraud certain persons and classes of persons, therein mentioned and described, and the public in general, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises from said persons, and said class of persons, and the public in general residing in the United States, and thereby defraud-

230 F.—37

ing said persons of the same, and thereby converting the same to their own use and benefit, proceeds with great detail to set forth the character of the scheme, and then falsifies these averments by proper allegations. The character of the scheme and the averments of falsification cannot be set forth within the limits of this opinion, but it may be said generally that the scheme was that Gardner and Coudrey should fraudulently procure the organization of two companies, as corporations, under the laws of the state of Missouri, for the purpose of using the same as a cloak to cover and fraudulently obtain money and property from the persons named in the indictment and others by the means and in the way particularly and at length set forth in the indictment, and for the purposes therein stated.

[2] It is the established rule in this court that while particulars of the scheme are matters of substance and must be described with certainty sufficient to show its existence and character and to fairly acquaint the accused with the particular fraudulent scheme charged against them, the scheme itself need not be pleaded with all the certainty as to time, place and circumstance requisite in charging the gist of the offense, the mailing of the letter or other article in execution or attempted execution of the same. Colburn v. United States, 223 Fed. 590, 139 C. C. A. 136; Gould et al. v. United States, 209 Fed. 730, 126 C. C. A. 454; Brooks v. United States, 146 Fed. 223, 76 C. C. A. 581; Lemon v. United States, 164 Fed. 953, 90 C. C. A. 617; Horn v. United States, 182 Fed. 721, 105 C. C. A. 163. Tested by the above rule we think the indictment is sufficient, especially when attacked only by motion in arrest.

Coming now to assignment of error No. 3, we may say that the charge requested was' sound law and applicable to the facts proven, and should have been given unless the trial court gave in its own charge something equivalent thereto.

[3] We have carefully examined the charge of the court as given and we are unable to satisfy ourselves that the trial court gave any charge on its own motion, which we could say was an equivalent for the charge requested. The court did read section 5480 to the jury, but, when it came to construe said section, it said to the jury:

"You will see from what follows that two things must have been done by the defendants, and established to your satisfaction by the evidence in the case before you are authorized to find the defendants guilty. It must appear, first, that the defendants devised a scheme or artifice to defraud; second, that they, the defendants, for the purpose of executing such scheme or artifice to defraud, or attempting so to do, deposited or caused to be deposited in the post office of the United States at St. Louis, for the purpose of having the same sent by the post office establishment of the United States, and in the furtherance of the scheme the letters and circulars mentioned, described and counted on in the several counts of the indictment before you."

The court would seem to have had in mind section 215 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1130 [Comp. St. 1913, § 10,385]), when using the foregoing language. Again the court said to the jury:

"In the view the court takes of this matter it is wholly immaterial (so far as the present inquiry is concerned) whether the law was or was not strictly complied with in such organization, if you find and believe from the evidence

in the case that the defendants devised a scheme (such as is set out in the indictment, and to which your attention has heretofore been directed by the court) to fraudulently obtain money from the parties mentioned in the indictment, or any of them, by opening correspondence with such persons through and by means of the United States mails, in the name of the companies, legally or otherwise organized."

This language would seem to apply to section 5480, but the court continued and charged as follows:

"In your deliberations keep steadily in view two questions: (1) Did the defendants, or either of them, devise the scheme set forth in the indictment with intent to defraud? (2) Did the defendants, or either of them, with intent to execute such scheme (if you find from the evidence that they, or either of them, devised the scheme), deposit or cause to be deposited in the United States mails the letters, circulars, etc., counted on in the indictment."

We think it conclusively appears from an examination of the whole charge of the court that the defendants were deprived of an instruction that in order to convict the defendants the jury must find that the scheme or artifice to defraud included within it, an intention on their part to effect the scheme by opening or intending to open correspondence by means of the post office establishment of the United States with some other person or persons, or by inciting the such other person or persons to open communication with them. In other words the effect of the charge given by the court was to tell the jury that the defendants could be convicted if they had devised a scheme or artifice to defraud, and for the purpose of executing such scheme, had deposited or caused to be deposited in the post office of the United States at St. Louis the letters and circulars mentioned in the indictment. This would have been sufficient under section 215 of the Penal Code (U. S. v. Young, 232 U. S. 155, 34 Sup. Ct. 303, 58 L. Ed. 548), but the defendants were indicted, tried, and convicted for a violation of section 5480. Under that section it has always been the settled law that, in order to establish an offense, three matters of fact must be charged in the indictment and established by the evidence: (1) That the persons charged must have devised a scheme or artifice to defraud; (2) that they must have intended to effect this scheme by opening or intending to open correspondence with some other person or persons through the post office establishment, or by inciting such other person or persons to open communication with them; (3) and that in carrying out such scheme said persons must have either deposited a letter or packet in the post office or taken or received one therefrom. We cannot escape the conclusion but that the trial court narrowed the issues to the prejudice of the defendants.

[4] There are several assignments of error by the defendant Coudrey based upon the charge of the court as actually given. The only exception appearing in the record to said charge is in the following language:

"To which action and ruling of the court in giving said instructions, and each of them, counsel for defendants, Harry B. Gardner, and Harry M. Coudrey, then and there duly excepted at the time."

It is needless to say that this was no exception at all. The court's attention was not drawn to any portion of the charge so that the same might be corrected if necessary.

[5] It is claimed that assignment of error number three, made by the defendant Coudrey, was based upon a request and exception made by Coudrey alone and that the same cannot be invoked in behalf of the defendant Gardner. Under the facts appearing in this record we do not think this is so. Gardner and Coudrey were jointly indicted and so tried. They were represented it seems by different counsel. Sometimes counsel for Coudrey would make an objection and take an exception, sometimes counsel for Gardner would do the same. When we come to consider that the object of making an objection and taking an exception is to call the attention of the trial court specifically to some point of law that there may be a ruling upon the same in order to have it reviewed in the appellate court, it at once appears that to accomplish the object of the objection and exception it was only necessary that one counsel call the court's attention to it. So far as the real object of making an objection and taking an exception is concerned it would have been idle formality for counsel for each defendant to make the same objection and exception to the same ruling.

It is apparent that as there must be a new trial, it would serve no useful purpose to review the evidence for the purpose of determining whether it was sufficient to sustain a verdict of conviction, as the evidence may be entirely different on another trial.

Judgment reversed and a new trial ordered.