### GREEN et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 7, 1920.)

No. 5547.

**1. Post office ⬅48(4)—Indictment for using mails to defraud held sufficient.**

An indictment alleging the scheme to defraud with sufficient particularity to acquaint defendants with its nature *held* sufficient under Penal Code, § 215 (Comp. St. § 10385), and not subject to the objection that under it proof might take a range not anticipated; there being no suggestion that in fact the proof did take an unanticipated range.

**2. Criminal law ⬅730(3)—Demand on defendant to produce letter held not prejudicial, in view of instructions.**

A demand by the prosecuting attorney that defendant produce a letter shown to have been written to him was not prejudicial to defendant, so as to require reversal of the conviction, where the court immediately instructed the jury that such demand was improper, and also stated that the prosecution could, if they desired, introduce a copy of the letter, which they did not do.

**3. Criminal law ⬅706—Demand in jury's presence to produce letter is inexcusable misconduct.**

A demand by prosecuting attorneys on the defendant, made in the presence of the jury, for the production of a letter in defendant's possession, is inexcusable misconduct by the attorneys.

**4. Criminal law ⚡1171(5)—Reference to failure of codefendant to testify held not prejudicial, after acquittal of codefendant.**

In a prosecution against several defendants charged with using the mails to defraud, a reference by the prosecuting attorney to the failure of one defendant to testify in his behalf does not require a reversal of the conviction of other defendants, where the court properly instructed the jury to disregard the reference, and the jury acquitted the defendant referred to.

**5. Criminal law ⚡720(7)—Reference to corporation promoted by defendants in closing argument held not error.**

Charges by the government's attorney, in his closing argument in a prosecution for use of the mails to defraud, that the corporation involved was misnamed, because it was neither a "guarantee" nor an "investment" company, and was "great" only in the sense that Jesse James was great, was not error, where the charges in the indictment, if sustained by the evidence, which was not in the record, showed the scheme to be a base fraud.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Ellsworth H. Green and another were convicted of using the mails to defraud, and they bring error. Affirmed.

John B. Dudley and Ed. S. Vaught, both of Oklahoma City, Okl. (Everest, Vaught & Brewer and Shartel, Dudley & Shartel, all of Oklahoma City, Okl., on the brief), for plaintiffs in error.

Herman S. Davis, Asst. U. S. Atty., of Frederick, Okl. (Herbert M. Peck, U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before HOOK and STONE, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge. Plaintiffs in error, E. H. and E. J. Green, and seven others, were tried in the court below for using the mails to defraud. Plaintiffs in error were convicted; their codefendants were acquitted by the jury or discharged by the court.

[1] Plaintiffs in error demurred to the indictment on the ground that it did not state facts sufficient to charge an offense, under section 215 of the Penal Code (Comp. St. § 10385). Their demurrer was overruled, and they have assigned this action of the court below as error. The objection of the plaintiffs in error to the indictment is stated in the most general language in their brief. They say:

"In the first place, the nature, purpose, plan, and substance of the scheme are not set out with sufficient particularity to acquaint the defendants with the nature of the charge. The scheme is simply outlined in a general way, under which the proof might take a range never anticipated nor expected by the defendants. In the second place, there is no allegation that the stock sold was not worth the price paid, or that the persons referred to as 'victims' were induced to buy and pay for anything that they did not actually get."

The sufficiency of indictments under section 215 of the Penal Code has been considered so many times by this court that we deem it unnecessary to set out or discuss the allegations of the indictment in

⚡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

this case. Brooks v. United States, 146 Fed. 223, 76 C. C. A. 581; Horn v. United States, 182 Fed. 721, 105 C. C. A. 163; Gardner v. United States, 230 Fed. 575, 144 C. C. A. 629; Moffatt v. United States, 232 Fed. 522, 146 C. C. A. 480.

Tested by the rules laid down in the above-cited decisions of this court, the indictment in this case is sufficient. It alleges the nature, etc., of the scheme with sufficient particularity to acquaint the defendants with the nature, etc., of the charges made, and it is not suggested that the proof did in fact take a range never anticipated nor expected by the defendants.

The second ground that "there is no allegation that the stock sold was not worth the price paid, or that the persons referred to as 'victims' were induced to buy and pay for anything that they did not actually get," has been decided by this court in Wine v. United States (C. C. A.) 260 Fed. 911, against this contention of the plaintiffs in error.

[2] Plaintiffs in error assign as error misconduct of the district attorney in making demand, in the presence of the jury, on the attorneys for the defendants (plaintiffs in error) to produce the original of a certain letter claimed to have been written by the defendant E. J. Green to his son, the defendant E. H. Green, and of which said letter, at the time, the district attorney claimed to have in his possession a carbon copy. The record shows this matter to have come up in the trial in the following way: The assistant district attorney had called as a witness on the second day of the trial the young woman who had been a stenographer in the office of the defendant E. J. Green, and, showing her an exhibit, asked to whom the letter was addressed. The witness having answered, the assistant district attorney said:

"We now make demand on the attorneys for Mr. Green to produce, if he has it in his possession, the original of the letter written on January 30th to Mr. Ellsworth H. Green, 518 Culbertson Building, Okl."

The court immediately intervened, saying: "You are not making a demand on the defendant, are you?" To which the assistant district attorney replied: "Yes, sir." The court continued:

"That will not be permitted. The jury will not consider that demand at all. It is not justifiable or permissible in a criminal case to ask any evidence of the defendant."

The assistant district attorney then said: "I was asking it only on the ground that it is the best evidence." To which the court replied: "It is not necessary to make a request of that kind on the defendant." The defendant Franke, by his counsel, then intervened by saying:

"The defendant Franke saves an exception to the demand made by the district attorney, and asks the court at this time to instruct the jury not to consider that demand."

Thereupon the court said:

"The fundamental law in this country is that no man can be required to be a witness against himself, and it infringes that rule to ask at the trial for any document defendant possesses, even of his counsel. Therefore the ex-

ception is well taken, * * * and you will not give any consideration to it at all, but disregard it altogether, and be sure you take it out of your minds. In order that there may be no trouble about the point, the court rules that, if the instrument is traced to the possession of the defendant, then secondary evidence, or a copy, can be introduced at the trial, if otherwise admissible. The rule is not that way in civil cases. The best evidence must always be introduced, and that is the original. The rule is different in a criminal case. You will take out of your minds altogether any consideration of the request."

At the conclusion of the government's case in chief, 12 days later, counsel for the plaintiffs in error, E. H. and E. J. Green, made the following motion:

"The defendants E. H. and E. J. Green now at this time move the court to discharge the jury and these defendants for the reason that heretofore during the trial the United States attorney, with a copy of a purported letter or instrument in his hand, demanded of the defendants E. H. and Ellsworth J. Green the production of what the district attorney claimed to be the original, and thereby sought to compel said defendants to give testimony against themselves, and unduly and unwarrantedly and without authority of law referred and brought to the jury's attention the fact that they were refusing to testify against themselves, or refusing to testify in favor of themselves, and for the reason that the conduct of the district attorney in making the demand was unwarranted, unlawful, prejudicial, and that no deduction can be made from it, except that it was an unwarranted reference before the jury, and calling the jury's attention to the fact that they were refusing to testify in their own behalf or against themselves."

Passing upon the motion at the time, the court said:

"That matter has been considered before, and the ruling of the court was then and is now that the request was improper, but was taken out of the case as thoroughly as possible, and I think the effect of it has been taken out. For that reason the motion is overruled."

Counsel for defendants (plaintiffs in error) thereupon excepted to the ruling of the court.

Assuming, but not conceding, that the objection and exception of the plaintiffs in error, taken 12 days after the act of the assistant district attorney complained of, was in time, we do not think any prejudice resulted to the defendants (plaintiffs in error) by reason of this unseemly action of the assistant district attorney. As appears from the record, the court intervened immediately after the demand had been made, and the defendants were not required, even by the lapse of time, to admit or deny the possession of the letter.

The Court advised government counsel in the presence of the jury that, if he could trace possession of the letter to the defendants, then a copy could be introduced, if otherwise admissible. The fact that the government failed to introduce the copy which it claimed to have at the time the demand was made, in view of this ruling by the court, it seems to us would tend to create an impression (if it is to be assumed that any impression resulted in the minds of the jury) unfavorable to the government.

[3] The action of the assistant district attorney in making such a demand upon the defendants, or their counsel, in the presence of the jury, was inexcusable, in view of the elementary character of the rule violated and of the many decisions on the subject. However, our

opinion is that the prompt action of the trial court prevented any probable prejudice to plaintiffs in error. Chadwick v. United States, 141 Fed. 225, 72 C. C. A. 343; Dunlop v. United States, 165 U. S. 498, 17 Sup. Ct. 375, 41 L. Ed. 799.

[4] Exception is also taken by the plaintiffs in error to the remarks of counsel for the government in their arguments to the jury. They assign as error that the assistant district attorney in the opening argument—referring to the defendant C. H. Cochran—said: "He [Cochran] didn't take the stand." Counsel for the government, apparently realizing his error, immediately added: "1 beg your pardon. I don't want to refer to him." Counsel for Cochran objected and excepted to the statement, when, after a short colloquy, the court said:

"Counsel has disclaimed any intention to make the remark, and that withdraws it, and you will so consider it, gentlemen. The defendant is under no obligation to take the stand, and no comment can be made upon it. You will not allow yourselves to give any attention to such matter. The government has the burden of proof in the case. That is the question here, whether it has done so by the proof beyond a reasonable doubt."

Following the statement of the court above quoted the assistant district attorney attempted to explain, qualify, and apologize for his statement, when counsel for the defendant Cochran and plaintiff in error E. J. Green continued to object and except. The court intervened by saying:

"The subject isn't open to comment, and counsel will proceed. No further explanation is necessary."

In the closing argument of the government the assistant district attorney (not the assistant who made the opening argument) also commented upon the fact that the defendant Cochran had not testified in his own behalf in the case. This comment, it appears from the record, was not called to the attention of the court until the following day, when the court, addressing counsel, said:

"In your argument something appeared in the way of comment that the defendants, particularly the defendant Cochran, did not take the stand in this case, or at least in the nature of an argument on that ground. That is wholly improper, even though it may have been inadvertent, and whether so or not, all such comment and argument must be withdrawn, and should be by counsel in express terms; and now, gentlemen of the jury, I wish to emphasize the principle, which is well settled, that it is not permissible to comment on the fact a defendant does not take the witness stand, and the court would not mention it, unless it came up as it has in the case. The burden of proof rests on the government to make out an offense, each of the offenses here charged, and unless that burden is met by sufficient evidence, of course, none of the offenses can be taken as established. That being a fixed rule, the defendant has an entire right to withhold his own testimony, and any testimony, and rely wholly on the insufficiency of the evidence for the prosecution. It is nothing that can be commented on or considered to his detriment in any way whatever. It is a special rule of law that no comment is permitted upon his failure to take the stand; so you will be careful, and the court emphasizes that, to eliminate from your minds any thought that it is of any consequence, or material in the case to any extent, that these defendants, any of them, if they have not taken the stand, have not done so. Just omit that from your minds altogether. I wish counsel for the government, and direct counsel for the government, to withdraw any such argument in this case as to this defendant Cochran, and all the defendants."

Government counsel thereupon said:

"I withdraw that, or anything that may have been so construed; but I have no recollection whatever of any such comment."

Counsel for the defendant Cochran, and also for the plaintiff in error E. J. Green, objected to the remarks made by the assistant district attorney, and excepted to the refusal of the court to declare a mistrial as to each of them.

The record shows that the defendant Cochran was acquitted by the jury, notwithstanding two public prosecutors, representing the government of the United States, violated one of the most elementary of the rules obtaining in prosecutions of criminal cases in the courts of the nation. The fact that his failure to testify was improperly referred to in the argument by counsel for the government did not prejudice his case with the jury is evidenced by their verdict of acquittal. If the defendant Cochran was not prejudiced, we are unable to see how the defendant E. J. Green could have been prejudiced.

[5] In the closing argument the assistant district attorney, referring to the Great Western Guarantee Investment Company, used the following language:

"The origin of all these troubles originated in what is known as the Great Western Guarantee Investment Company, which name itself is a misnomer. The only thing about this name is that it was 'great' in that Jesse James and Frank James were great. * * * It was not an 'investment' company or 'guarantee' company; it was a misnomer from start to finish."

To this language counsel for the plaintiffs in error E. H. and E. J. Green at the time objected and excepted.

We may assume that the foregoing excerpt was a part, at least, of the peroration of counsel's closing argument. The evidence in the case is not before us, but the charges contained in the indictment are. If the evidence sustained the charges made in the indictment, counsel may well be excused, if not wholly justified, in denouncing such a base fraud. When counsel, in their argument to the jury, do not go outside of the evidence in the statement of the facts of a case, the trial court is not required to judge with too great nicety the appropriateness of the comparisons, metaphors, and other figures of speech with which they may seek to point the argument or adorn the peroration.

"There is a degree of liberty allowable to counsel, whether for the government or the accused, in respect to the line of argument they shall pursue and the inferences to be drawn from the evidence, which a trial judge should respect until the facts of the case are overstepped or arguments used which plainly abuse the privilege." Chadwick v. United States, supra.

We do not find any prejudicial error in the record, and the judgment must be affirmed.

And it is so ordered.