## SEVENSMA v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 7, 1922.)

No. 3583.

**1. Criminal law ⚖➡475—Evidence as to amount of narcotics physicians could reasonably use held admissible.**

In a prosecution of a physician for violating the Harrison Anti-Narcotic Law, as amended by Act Feb. 24, 1919, §§ 1006, 1007 (Comp. St. Ann. Supp. 1919, §§ 6287g, 6287l), where defendant was duly registered under that act, it was proper to show by expert testimony of a physician, druggist, and revenue agent the usual and ordinary requirements of narcotics by other physicians in their average practice, so that the jury might determine whether the amount purchased and used by defendant was so excessive as to tend to prove the offenses charged in the indictment.

**2. Criminal law ⚖➡483—Question as to quantity of narcotics which could be prescribed for person held objectionable.**

In the prosecution of a physician for violating the Harrison Anti-Narcotic Law as amended by Act Feb. 24, 1919, §§ 1006, 1007 (Comp. St. Ann. Supp. 1919, §§ 6287g, 6287l), a question asked by the defense of a trained nurse as to whether the amount defendant was prescribing in a particular case was necessary was objectionable, as stating no predicate for the necessity to which the question referred, so that the answer might have been based on the amount necessary to satisfy the cravings of an addict.

**3. Criminal law ⚖➡846—Purpose of exception is to direct court's attention to error claimed.**

The purpose of an exception is to direct the attention of a trial court to a definite proposition of law in reference to which it is claimed that court has erred, to the end that the court may reconsider, and, if convinced, change, its ruling, and thereby obviate a new trial because of an inadvertent error.

**4. Criminal law ⚖➡1059 (2)—General exception to charge not considered, unless error is manifest and vital.**

A general exception to the charge will not be considered by the reviewing court, except where there is a manifest error on a question vital to the accused.

**5. Criminal law ⚖➡1056 (1)—Evidence as to guilt held not to require review of charge without exception.**

In a prosecution for violating the Harrison Anti-Narcotic Law, as amended by Act Feb. 24, 1919, §§ 1006, 1007 (Comp. St. Ann. Supp. 1919, §§ 6287g, 6287l), evidence for the government *held* sufficiently substantial to sustain a conviction, even if those sections of the statute were construed as argued by counsel for accused, so that the charge construing the statute will not be reviewed, in the absence of any exception thereto at the time.

**6. Criminal law ⚖➡1159 (2)—Appellate court does not determine weight of evidence.**

The Circuit Court of Appeals, in reviewing a conviction for crime, has nothing to do with the weight of the evidence, under Rev. St. § 1011 (Comp. St. § 1672).

In Error to the District Court of the United States for the Southern Division of the Western District of Michigan; Clarence W. Sessions, Judge.

Arthur Sevensma was convicted of violating the Harrison Anti-Narcotic Law, and he brings error. Affirmed.

M. Thomas Ward, of Grand Rapids, Mich. (Clapperton & Owen, of Grand Rapids, Mich., of counsel), for plaintiff in error.

Myron H. Walker, U. S. Atty., of Grand Rapids, Mich.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. The plaintiff in error, Arthur Sevensma, was indicted at the October term, 1920, of the United States District Court for the Western District of Michigan, Southern Division, for the violation of the Revenue Act of December 17, 1914, commonly known as the Harrison Anti-Narcotic Law, as amended by sections 1006, 1007, of the Revenue Act of 1919 (Comp. St. Ann. Supp. 1919, §§ 6287g, 6287l).

The indictment contained six counts. The first, second, and third counts charged Sevensma, a practicing physician in the city of Grand Rapids, Mich., who had been duly registered and had paid the special tax as required by the act above mentioned, with the sale at different dates of quantities of morphine to persons named in the indictment, and to other persons whose names were unknown to the grand jury, such sales not being made upon a written order on a form issued in blank for that purpose by the Commissioner of Internal Revenue, and not to a patient of the said Arthur Sevensma in the course of his professional practice only, nor to a patient upon whom the said Arthur Sevensma did personally attend in his capacity as said physician, and that the said Arthur Sevensma then and there kept no record of such drugs, or of any of them, so dispensed and distributed, as required by the statute in such cases. The fourth, fifth, and sixth counts charged Sevensma with procuring at different dates large quantities of morphine for an unlawful purpose, and not for use, sale, and distribution thereof in the conduct of a lawful business in said drug, nor in the legitimate practice of his profession.

At the December term, 1920, a second indictment was returned against Sevensma, which indictment also contained six counts, each of which counts charged the defendant with unlawfully procuring, at different times, large quantities of opium, for unlawful purposes, and not for use, sale, and distribution thereof by the defendant in the conduct of a lawful business in said drug, or in the legitimate practice of his profession.

To both of said indictments, and each count thereof, the defendant Sevensma pleaded not guilty. Prior to the trial, and it appearing to the court that the second indictment was in fact a substitute for counts 4, 5, and 6 of the first indictment, these indictments were consolidated, and the trial proceeded upon the first three counts of the first indictment, and upon all six counts of the second indictment, resulting in a verdict of guilty as charged in the consolidated indictments, and sentence was imposed by the court.

The assignments of error are divided by counsel for plaintiff in error into two classes: First, admissibility of evidence; second, charge of the court.

[1] It is claimed on behalf of the plaintiff in error that the court erred in admitting the testimony of Dr. Whinery with reference to the amount of morphine a physician of average practice in the city of Grand Rapids would use in the course of a year in the legitimate practice of his profession. A similar objection was made to the testimony of C. H. Duda, foreman of a pharmacal company of Chicago, and the witness Ulmer, a revenue agent, in reference to the amount of morphine usually purchased by physicians of average practice.

The government had introduced evidence tending to prove that Sevensma had used a total of about 34,465 grains of morphine in two years and three months' time. In view of the fact that Dr. Sevensma was a practicing physician, duly registered under the Harrison Anti-Narcotic Act, it was entirely proper to show by expert evidence the usual and ordinary requirements of physicians in the average practice of their profession, in order that the jury might determine from this evidence if the amount purchased and used by the defendant was so excessive that that fact, in and of itself, tended to prove the offenses or either of them charged in this indictment. The importance of this evidence more fully appears by the testimony of Dr. Whinery that from 200 to 250 grains would cover the amount that a doctor in the average practice of medicine would use in a year, and by the testimony of Mr. Duda, who it appears was fully qualified to testify on that subject, that the orders given by the defendant were unusual in amounts and very much out of the ordinary. The testimony of the witness Ulmer is to the same effect. The defendant, if he had desired to do so, might have offered evidence tending to prove, either that these witnesses were mistaken as to the average amount used by physicians generally, or that his practice differed so materially from the practice of the average physician that he was required to use, in the legitimate practice of his profession, this large and seemingly excessive amount of this drug. For the reasons stated, there was no error in the admission of the testimony of these witnesses.

[2] During the trial of the case the witness Beatrice Buel was asked the following question:

"Q. I will ask you whether or not, from your experience as a trained nurse, and your knowledge of this sort of cases, if in your opinion 150 grains a week, that Dr. Sevensma was prescribing, was absolutely necessary to this girl?"

To this question the government interposed an objection, which was sustained by the court. This is also assigned as error.

This question was objectionable, for the reason that it states no predicate for the necessity of the person to whom the question referred using this quantity of this drug each week. Therefore any answer the witness might have made to this question might have been based entirely upon the amount of the drug that was necessary merely to satisfy the cravings of this addict, regardless of its need for other purposes. Notwithstanding this objection to this question, the witness did answer, "I think it was." No motion was made to rule out the answer, and it was permitted to stand as given. Not only that, but shortly before this question was asked this witness, she had testified that 150 grains of morphine a week is not considered a large dose by addicts, so that the

defendant had in substance and effect the full benefit of the testimony sought to be elicited by this question.

It is further claimed on behalf of the plaintiff in error that the court erred in its charge to the jury in failing to distinguish between the provisions of the statute relating to the purchase of morphine generally from dealers upon written orders of the purchasers and the requirements and exceptions in sections 1 and 2 of the act (Comp. St. §§ 6287g, 6287h) relating to the dispensing and distribution of drugs by physicians in the course of medical practice, and the sale, dispensing, and distribution of dealers to purchasers of such drugs, and in failing to set forth clearly and to the understanding of the jury the primary purposes of the act, its application to the sale or to the purchase of such drugs, as distinguished from the dispensing and administering of drugs by physicians in their medical practice, and the exemption of such physicians from requirements relating to dealers in the business of selling morphine directly to purchasers, and, further, in connecting the dispensing and administering of drugs by the respondent with the question of good faith.

While a large part of the brief for plaintiff in error is devoted to a discussion and analysis of the amended sections of the Anti-Narcotic Act upon which this prosecution is based, the defendant took no exception whatever to the charge of the court construing these statutes. Therefore this record presents no error of law for review by this court, other than those relating to the admission and rejection of evidence, which have heretofore been considered in this opinion.

[3] The purpose of an exception is to direct the attention of a trial court to a definite proposition of law, in reference to which it is claimed the court has erred, to the end that the court may reconsider, and, if convinced that it has erred, change, its ruling, so that injustice and mistrials due to inadvertent errors may thus be obviated. U. S. v. U. S. Fidelity Co., 236 U. S. 512–529, 35 Sup. Ct. 298, 59 L. Ed. 696; Tucker v. U. S., 151 U. S. 164, 14 Sup. Ct. 299, 38 L. Ed. 112.

[4] Even a general exception to a charge will not be considered by the reviewing court, except where there is a manifest error upon a question vital to the defendant. Gardner v. U. S., 230 Fed. 575, 144 C. C. A. 629.

[5] The verdict of the jury is sustained by some substantial evidence tending to establish that the defendant dispensed and distributed morphine other than in the course of his professional practice only, and to persons other than patients upon whom he personally attended in his capacity of such physician, and that he kept no record of such sales.

[6] There is also evidence tending to prove that he had obtained from time to time, and had in his possession, large quantities of this drug, for the purpose of dispensing and distributing the same in the manner and form above stated, and in direct violation of the terms and provisions of these amended sections of the Harrison Anti-Narcotic Law. There is also substantial evidence to the contrary, but with the weight of the evidence this court has nothing to do. Section 1011, R. S. (Comp. St. § 1672).

The credibility of the witnesses, the weight of the evidence, are questions for the determination of the jury, and where there is some substantial evidence tending to support the verdict, this court has no authority to disturb the findings of fact by the jury, even in cases where the sufficiency of the evidence is presented by the record. This record presents no such question.

It appearing from the record that the evidence introduced on the part of the government would, if believed by the jury, sustain a verdict of guilty, even if these amended sections of the statute were construed in line with the construction given them by counsel for plaintiff in error, therefore this is not a case that calls upon a reviewing court to consider the correctness of a charge, challenged for the first time in the motion for a new trial.

Judgment affirmed.