## MONTGOMERY et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. May 28, 1923.)

No. 3248.

Poisons ⚬⇒9—Evidence held sufficient to take to jury issue of proprietor's guilt of unlawfully selling morphine.

In a prosecution for violation of the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), brought against the proprietor of a drug store and his clerk, evidence that the store dispensed approximately 600 times as much morphine annually as the average store, much of it to addicts, and that some sales were made by the proprietor in person, though most of them were by the clerk, *held* sufficient to warrant submitting to the jury the issue of the proprietor's guilt, both of selling morphine without a prescription and of selling on prescriptions which he knew were not issued in good faith.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

John H. Montgomery and another were convicted of violating the Harrison Anti-Narcotic Act, and they bring error. Affirmed.

Robert W. Daniels, of Chicago, Ill., for plaintiffs in error.

Edwin A. Olson and John E. Byrne, both of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PER CURIAM. The government charged the defendants with numerous violations of the so-called Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), and both were convicted upon 17 different counts, and each was sentenced to a term in the penitentiary and to pay a fine. Several assignments of error appear, but, upon the oral argument, reliance for reversal was chiefly based upon the court's failure to direct a verdict in favor of Montgomery.

From our examination of the evidence, we gather that Montgomery was the owner of a drug store in the city of Chicago and that Knick was his clerk; that, while the average drug store was dispensing approximately 250 grains of morphine a year, defendants sold over 150,-000 grains; that the purchasers were usually addicts, many of whom testified that they purchased from 20 to 30 grains at a time, frequently without any prescription, and often on forged prescriptions. While the testimony does not connect Montgomery with such certainty and frequency as it does Knick, it affirmatively appears that both made sales without prescriptions. Likewise the proof showing many prescriptions were forged is overwhelming.

We conclude that the showing was ample as against both defendants to send the case to the jury, either upon the charge of the sale of morphine without a prescription, or upon the counts charging sales with prescriptions, where defendants knew they were not issued in good faith to cure or relieve addicts from any disease.

The judgment is affirmed.

⚬⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes