### HANSEN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 9, 1924. Rehearing Denied July 14, 1924.)

No. 4183.

**Criminal law ⬤⟶730(7)—Statements by counsel in argument held not ground for reversal.**

Statements made by counsel in argument, though entirely outside the issues, *held* not ground for reversal, where the jury were charged that the statements were irrelevant and the issues were carefully defined.

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Criminal prosecution by the United States against C. M. Hansen and others. Judgment of conviction, and defendant Hansen brings error. Affirmed.

Merritt J. Gordon and Louis J. Muscek, both of Tacoma, Wash., for plaintiff in error.

Thomas P. Revelle, U. S. Atty., of Seattle, Wash., W. W. Mount, Asst. U. S. Atty., of Tacoma, Wash., and George N. Murdock, Atty. Bureau of Internal Revenue, of Chicago, Ill., for the United States.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The indictment in this case charged a conspiracy to defraud the United States of the sum of approximately $29,000 by omitting approximately $39,000 from the income tax return for the year 1918. Upon the trial there was no denial of the fact that the government had been thus defrauded, so that the principal issues left in the case were: Was there a conspiracy to that end; and, if so, who were the parties to that conspiracy? The defendants Hansen and Forrester were found guilty, and the former has sued out the present writ of error.

The argument for reversal is based entirely upon statements made by the attorney for the Bureau of Internal Revenue in his closing argument to the jury. Counsel for another defendant claimed, in the course of his argument, that the tax imposed by the government was exorbitant, unjust, and confiscatory, and that the government had other means of collecting the tax without resorting to a criminal prosecution. Counsel for the plaintiff in error adopted that part of the argument as his own. In his closing argument, counsel for the government referred to the recent war and to war slackers, comparing the conduct of the defendants with the conduct of those who died on the field of battle, charged that the defendants had made excessive profits on supplies furnished to the government, and exhibited to the jury a small bolt, supplied to the government at a cost of $4.30. Timely objection to these several statements was interposed, and the court, from time to time, admonished the jury that they should not be carried away by appeals to their prejudices or sensibilities, that the defendants were not on trial for charging high or excessive prices, that they were given no opportunity to offer evidence upon that question, and that they might consider the circumstances only in determining whether the defendants made greater profits than were disclosed by the tax return. Later the court again charged the jury that the defendants were not on trial for the prices charged; that the question at issue was whether the defendants had conspired to keep the government in ignorance of their income.

Of course, the jury had no concern with the justice of the tax or with the prices charged by the defendants, and they were so advised by the court. It might seem ungenerous, on the part of the government, to complain of excessive profits, when it was claiming the lion's share, or four-fifths; but consistency in arguments to juries is not always found, or to be expected. It is often a difficult task to keep counsel strictly within the record, and the narrower the issue the more

difficult becomes the task. But, as said by the Supreme Court, in Dunlop v. United States, 165 U. S. 486, 498, 17 Sup. Ct. 375, 379 (41 L. Ed. 799):

"If every remark made by counsel outside of the testimony were ground for a reversal, comparatively few verdicts would stand, since in the ardor of advocacy, and in the excitement of trial, even the most experienced counsel are occasionally carried away by this temptation."

And when we consider the nature of the statements complained of, the admonitions of the court, and all the surrounding circumstances, we have no hesitancy in saying that there is nothing in the present record calling for reversal. Chadwick v. United States, 141 Fed. 225, 245, 72 C. C. A. 343; Johnston v. United States, 154 Fed. 445, 83 C. C. A. 299; Diggs v. United States, 220 Fed. 545, 136 C. C. A. 147; Fitter v. United States, 258 Fed. 567, 169 C. C. A. 507; Merritt v. United States (C. C. A.) 264 Fed. 870; Green v. United States (C. C. A.) 266 Fed. 779.

The judgment of the court below is affirmed.