### UNITED STATES v. MILLER.

First Division. Ketchikan. September 27, 1924.

No. 970–KB.

1. **Criminal Law** ☞951 (2)—**New Trial—Motion after Sentence.**
      Motion for new trial was filed in this case after the defendant was sentenced, on stipulation of defendant's counsel fixing time of sentence. Motion for new trial came too late.

2. **Jury** ☞38—**Constitutional Law—Women as Jurors.**
      Women are qualified trial jurors in Alaska.

3. **Jury** ☞131 (15)—**Implied Bias as Members W. C. T. U.**
      A woman juror, being examined on her voir dire and having testified that she was a member of the Women's Christian Temperance Union, stated that such fact did not affect her in arriving at a just and true verdict, and was then asked, "Do you believe that the defendant would get a fair trial, if the jury consisted entirely of members of the W. C. T. U.?" to which objection was sustained. On motion for new trial, *held* not error.

4. **Criminal Law** ☞429 (2)—**New Trial—Evidence in Criminal Case.**
      On the trial of a misdemeanor, defense offered affidavits upon which information was based in evidence; denied. On motion for new trial, *held* not error.

5. **Criminal Law** ☞730 (13)—**Trial—Misconduct of Assistant District Attorney.**
      On the argument of a misdemeanor case to the jury, the assistant district attorney declared: "The defendant is guilty; the fact is, he has been bootlegging all summer, and it is time this sort of thing should stop." On motion for new trial, *held*, the prejudicial statement, being objected to, was cured by the instructions subsequently given to the jury.

6. **Criminal Law** ☞858 (3)—**New Trial—Jury Given Information to Which were Attached Supporting Affidavits Not in Evidence.**
      On the submission of a misdemeanor case to the jury, that body was permitted to take the information upon which the prosecution was based into the jury room under the instructions of the court. Two affidavits upon which the information was based, but not received in evidence, were attached to the information, and also went to the jury. On motion for new trial, *held* not error.

---

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Motion for a new trial in this case was filed on the 13th of September, 1924, after the defendant had been sentenced. The verdict was rendered, finding the defendant guilty, on September 9th. Under the provisions of chapter 6 of the Laws of Alaska of 1923, the time allowed for filing a motion for a new trial is six days after the rendition of the verdict or the judgment sought to be set aside. Sentence was imposed on the morning of September 13th on defendant, after an oral stipulation entered into in open court between counsel for the defendant and the United States attorney that sentence should be imposed on the morning of Saturday, September 13th.

A. G. Shoup, U. S. Atty., of San Jose, Cal.

George B. Grigsby, of Ketchikan, for defendant.

REED, District Judge. Under such circumstances, I am of the opinion that the motion should not be entertained, for the reason that the motion was made to set aside the verdict after the judgment and sentence of the court. See Bishop's Criminal Procedure (2d Ed.) vol. 2, p. 1268. However, as counsel for defendant insists that his motion is well taken, I have considered the same with some care.

Taking up the several grounds of the motion in inverse order presented in the motion, I find that the fourth ground is based on an alleged irregularity, in that among the persons constituting the trial jury were two female persons not qualified under the laws and Constitution of the United States to act as jurors in the territory of Alaska. This portion of the motion is disposed of by the case of United States v. Tynan, 297 F. 177, decided by the Circuit Court of Appeals on March 24, 1924.

The third ground specifies certain errors of law in the trial of the case and excepted to by the defendant, as follows: (a) Caroline M. Samson, being examined as a juror on her voir dire, and having testified that she was a member of the Women's Christian Temperance Union, stated that such facts did not affect her in arriving at a just and true verdict. She was then asked the following question:

"Do you believe that the defendant would get a fair trial, if the jury consisted entirely of members of the W. C. T. U.?"

To which question counsel for the prosecution objected, and the court sustained the objection. On this point the court

is still of the opinion that the question was not a fair question to be addressed to the juror. The juror admitted that she was a member of the Women's Christian Temperance Union, but stated that that would not affect her in coming to a conclusion in the case from the evidence, and that she entertained no prejudice whatever against the defendant in the case. The examination of jurors is largely a question of discretion for the court, and the court may even limit the examination of jurors under certain circumstances to general questions. Shively v. United States (C. C. A.) 299 F. 710–714.

The second specification of error is that the court erred in refusing to permit the counsel for the defendant to read to the jury, as a basis for a question in examining the jury as to their qualifications, the affidavits attached to the information and by reference in the information made a part thereof, to which ruling defendant excepted, and said exception was allowed. The affidavits attached to the information contain no matter but that was contained in the information itself, and the juror, one Dillon, on being examined, testified that he knew nothing about the case, or anything about the facts of the case after the information was read to him, and there was no necessity for the counsel for the defendant, besides reading the information, to read also the affidavits attached to the information. The affidavits attached to the information were only a part of the information, in so far as it was necessary to have an affidavit sworn to by a person having knowledge of the facts in order to secure a warrant of arrest. It was to that extent a part of the information itself, and no comment upon the position of the person making the affidavit as prohibition agent was necessary or proper by counsel for the defendant. The record shows that the counsel was allowed to propound any question to the juror relative to his state of mind, as to whether he was a fair juror and duly qualified to try the case. I think there was no error of the court on that point.

The third section of paragraph 3 is that the court erred in overruling the demurrer of the defendant to the information itself. This demurrer is disposed of by the case of United States v. Tynan, supra.

The second ground is that of misconduct of the prevailing party, in that the special assistant United States attorney, H.

D. Stabler, in arguing the case to the jury, made statement not based upon the evidence, as follows:

"The defendant is guilty; the fact is, he has been bootlegging all summer, and it is time this sort of thing should stop,"

—there being no evidence whatever, it is alleged, except of transactions on the 28th day of July, 1924. Counsel for the defendant at that time objected to the statement as prejudicial to the defendant, and requested the court to instruct the jury to disregard the same. The court then stated that he would instruct the jury on that point in giving them general instructions. The court instructed the jury as follows:

"You have heard the evidence in this case, and you have heard the comments of counsel on the evidence, and comments of counsel outside of the evidence, and I instruct you now that when you took your oaths as jurors you swore that you would render a just and true verdict, according to the evidence produced before you and the instructions of the court. You are therefore not to take into consideration the statements of counsel as to the evidence, or what they believe it was, not borne out by the evidence. The evidence is what you base your conclusions on, and statements of counsel, outside of legitimate conclusions derived from the evidence, you should not consider at all; and I refer to statements of counsel on either side. What counsel believe, outside of what is shown by the evidence, is simply counsel's conclusions from the evidence, and you are not bound by it in any way whatever, but you should draw your own conclusions."

This instruction, it seems to me, coupled with counsel's statement at the time, does away with any prejudice which might have arisen from the statement of the special assistant United States attorney. As was said by the Supreme Court in Dunlop v. United States, 165 U. S. 486, 17 S. Ct. 375, 41 L. Ed. 799, and cited with approval by Judge Rudkin in Hansen v. United States (C. C. A.) 299 F. 593:

"If every remark made by counsel outside of the testimony were ground for a reversal, comparatively few verdicts would stand, since in the ardor of advocacy, and in the excitement of trial, even the most experienced counsel are occasionally carried away by this temptation."

And I am not so sure, after listening to the evidence, but that counsel was justified in making the statement. The two witnesses for the prosecution testified that they were directed to the plaintiff's place of business as a place where they could get a drink, by other parties to them unknown, and that, after taking the drinks from a glass, one of them asked for a bottle,

and the defendant went into an adjoining room and brought out a bottle of whisky, showing undoubtedly to the minds of the jury that the defendant kept whisky in his place of business for sale. I do not think that this ground, therefore, is a tenable ground upon which to grant an order for a new trial.

The first ground is that of irregularity in the proceedings of the court, in that at the conclusion of the trial, and when the jury retired, they were permitted to take with them into the jury room the two affidavits of Leonard Ragan and W. H. Kinnard, which said affidavits are referred to in the information as the affidavits upon which said information is based, and that for that reason the defendant was prevented from having a fair trial, on account of said affidavits being permitted to go to the jury room, and because said affidavits constituted a repetition of the evidence for the prosecution. This is the most serious part of the whole motion, considered in view of the case of the State v. Clark, 34 Kan. 289, 8 P. 528. The information was filed in this case, and verified by the United States attorney, and attached to the information was the affidavit of W. H. Kinnard. It was necessary that an affidavit, by a person having knowledge of the facts, should be presented with the information to the court, before an order of arrest could be issued. The affidavit, being attached to and referred to in the information for the order of arrest, became to that extent a part of the information itself, and by virtue of the reference in the information to the affidavit the court was justified in issuing the order of arrest, and to that extent the affidavit is a part of the information.

Notwithstanding the decision of the Kansas court in State v. Clark, I am of the opinion that no substantial error was committed in allowing the affidavit to go, as part of the information, into the jury room, although the better practice would be to detach the affidavit from the information itself. The affidavit contained no facts but that were testified to by Kinnard himself, and he was, as I remember the testimony, cross-examined upon the facts stated in the affidavit, although the affidavit itself was never introduced in evidence.

Motion for a new trial will therefore be denied.