Circuit Court of Appeals, Sixth Circuit.

Nov. 12, 1941.

## MORRIS et al. v. UNITED STATES.
### No. 9694.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1941.

George T. Skinner, of Lexington, Ky., for appellant.

John T. Metcalf, U. S. Atty., of Lexington, Ky., for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

958

Bert G. Ashby and A. S. Baskett, both of Dallas, Tex., for appellants.

Clyde G. Hood and Wm. P. Fonville, Asst. U. S. Attys., both of Dallas, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Two indictments charging violations of the Harrison Narcotic Act were returned against Mendel Morris and James L. Armistead. The first indictment was in five counts, and charged that without written order or prescription and for the purpose of evading the intentions and provisions of the Narcotic Act, 26 U.S.C.A. Internal Revenue Code § 2550 et seq., Morris and Armistead made unlawful sales of paregoric to one C. B. Richards, a drug addict, who drank the preparation to satisfy his appetite for narcotic drugs. The second indictment contained six counts, and charged Morris, Armistead, and Clarence Allen Warren with similar violations of the Narcotic Act by sales of paregoric to Richards and another drug addict, Carl Green. By agreement of the parties the indictments were consolidated for trial. A trial was had, Allen was found guilty on the first count of the second indictment, and Morris and Armistead were found guilty on all five counts of the first indictment and on counts 2, 3, 4, 5, and 6 of the second indictment. Sentence was imposed and judgment entered, and Morris and Armistead appealed.

The record discloses that Morris operated the Pacific Drug Store in Dallas, Texas, and that Armistead worked in the store as clerk and prescriptionist. From April to September 17, 1940, this small drug store purchased and disposed of more than 250 gallons of paregoric. The manner and details of the disposition of this large quantity of paregoric was not explained. The specific unlawful sales charged in the indictments were shown by positive and direct testimony, and it was further shown that on other occasions sales of paregoric had been made to the witness Richards. From May to September, 1940, Richards made twenty-six separate purchases of paregoric from these appellants. His purchases were for from two to eight ounces of the preparation. At times he made two purchases a day, and other purchases were made on consecutive days. Richards testified that he purchased paregoric from the appellants without a written order or prescription; that at times he would drink the paregoric in the drug store with the knowledge and consent of Morris and Armistead; and that he drank the preparation solely for the purpose of satisfying his appetite for narcotic drugs. It was further shown that during the period in which appellants disposed of more than 250 gallons of paregoric, a large nearby drug store located in the Dallas Medical Arts Building, and which served many doctors and did a thriving prescription and drug business, disposed of only a little more than two gallons of paregoric. Cf. Sevensma v. United States, 6 Cir., 278 F. 401, 404; United Cigar Whelan Stores Corp. v. United States, 9 Cir., 113 F.2d 340; Montgomery v. United States, 7 Cir., 290 F. 961.

When the case came on to be tried, Morris and Armistead filed a motion for continuance. As grounds for the continuance they asserted that "on August 12, 1940, after the filing of the complaints against them in the above cause that they, and each of them, made an offer of compromise to the Treasury Department", which offer had not been acted upon. The court overruled the motion and the appellants assign the ruling as error. Section 3761 of the Internal Revenue Code, 26 U. S.C.A., authorizes Treasury approved compromise of cases arising under the revenue laws "prior to reference to the Department of Justice for prosecution or defense". This case was in the hands of the Department of Justice for prosecution and we see no real reason for delay of the trial. Moreover, it is well-settled that the grant or refusal of a motion for continuance rests within the sound discretion of the trial court, and that where, as here, there is no showing of abuse of discretion, the trial court's ruling on such motion will not be disturbed on appeal. Isaacs v. United States, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229; Hart et al. v. United States, 5 Cir., 112 F.2d 128.

The appellants contend that the court erred in admitting evidence of numerous sales of paregoric to C. B. Richards, which sales were not among those specified in the indictments. There is not merit in this contention. Section 2551(a) of the Internal Revenue Code provides that preparations of "limited narcotic content" shall be exempted from the provisions of the Narcotic Act, "Provided, That such remedies and preparations are manufactured, sold, distributed, given away, dispensed, or possessed as medicines and not for the purpose of evading the intentions and provisions of this subchapter and said part V". Paregoric is a preparation of limited narcotic content within the meaning of this section. Evidence as to the quantity of paregoric disposed of by appellants, the frequent sales to Richards, and his drinking of it on the premises was introduced by the government for the purpose of showing the knowledge and intent of these appellants, and to show that when the sales set out in the indictments were made Morris and Armistead well knew that Richards would use the preparation not as medicine but to satisfy his addiction to narcotic drugs. The evidence was relevant as bearing upon the question of whether the sales were bona fide sales for medicinal use and within the exemption of Section 2551(a), or were sales made with knowledge, intent, and "for the purpose of evading the intentions * * * of" the Narcotic Act. The evidence was admitted for this purpose, and the court limited its consideration and carefully instructed the jury that the evidence of other sales was "only admitted on the question of intent and good faith of the parties", and that it was to be considered for no other purpose. The evidence, as limited, was properly admitted. Weiss v. United States, 5 Cir., 122 F.2d 675, 677; Williams v. United States, 294 F. 682, 683; Morris v. United States, 5 Cir., 112 F.2d 522; Dysart v. United States, 5 Cir., 270 F. 77.

The overruling of the motion for new trial was not error. Moore v. United States, 150 U.S. 57, 61, 14 S.Ct. 26, 37 L. Ed. 996; Bernal v. United States, 5 Cir., 241 F. 339, 341.

Other errors assigned are without merit. It is sufficient to say that the evidence supports the verdict of the jury as to each of these appellants, and that we find no reversible error in the record.

The judgment is affirmed.