DYSART v. UNITED STATES. *

(Circuit Court of Appeals, Fifth Circuit. January 11, 1921.)

No. 3458.

1. Poisons ☜9—Proof of issuing prescriptions not variance from charge of selling narcotics.

There is no variance between an indictment charging defendant with the unlawful sale of morphine sulphate, in violation of Harrison Anti-Narcotic Act, § 2 (Comp. St. § 6287h), and proof that as a practicing physician he issued prescriptions on which the morphine was sold.

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 254 U. S. —, 41 Sup. Ct. 535, 65 L. Ed. —.

**2. Criminal law ⊗⇒1153 (4)—Trial court's discretion in permitting leading question not reviewable.**

A leading question may be permitted by a trial judge, and his discretion therein is not assignable as error.

**3. Criminal law ⊗⇒1169 (5)—Subsequent withdrawal held to have cured error in admission of testimony.**

Error, if any, in permitting a witness to answer a question whether the only way to stop a physician writing morphine prescriptions was to put the addicts where they could not get it, or to put the physician where he could not give it, was cured, where the court quickly thereafter corrected his ruling, and instructed the jury not to consider the testimony.

**4. Criminal law ⊗⇒371 (1)—Proof of prescription for narcotics admissible to show intent.**

In a prosecution for unlawful sale of narcotics, where the evidence showed the sale was made by prescription, proof that defendant had written numerous other prescriptions for narcotics is admissible to show intent, if properly limited to that issue.

In error to the District Court of the United States for the El Paso Division of the Western District of Texas; William R. Smith, Judge.

J. C. Dysart was convicted of unlawfully selling narcotics, and he brings error. Affirmed.

William H. Atwell, of Dallas, Tex., Head, Dillard, Smith, Maxey & Head, of Sherman, Tex., Bradley, Burns, Christian & Bradley, of Fort Worth, Tex., and M. W. Stanton, of El Paso, Tex., for plaintiff in error.

Edmund B. Elfers, Asst. U. S. Atty., of El Paso, Tex.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Plaintiff in error was convicted for violating section 2 of the so-called Harrison Anti-Narcotic Act. 38 Statutes at Large, 785 (Comp. St. § 6287h). The indictment contains eight counts, charging unlawful sales of morphine sulphate. The first seven counts are substantially identical, except that the name of the individual to whom the sale was alleged to have been made is different in each of said counts. The eighth count charged sales to a named individual and divers unknown persons. There was a verdict of guilty as charged in the first count, and not guilty as to the other counts.

Plaintiff in error was a practicing physician, registered under the act, and therefore entitled to dispense and distribute morphine "in the course of his professional practice," without making use ot tne written order on the form prescribed by the Commissioner of Internal Revenue. The evidence shows beyond dispute that plaintiff in error issued within a few months many hundred prescriptions for morphine sulphate to persons addicted to the use of morphine, who came to him, not for medical treatment, but for prescriptions upon which they could secure morphine to satiate their appetites. Usually these prescriptions called for 15 grains of morphine sulphate, and in many instances were issued to the same person almost daily. More than a hundred were filled at one drug store in about a week, and usually, if not always, the drug purported to be prescribed as treatment for consumption. In no single

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

case did the plaintiff in error himself administer the drug, but left it to each patient to use it "as directed." Plaintiff in error did not deny, but, on the contrary, admitted, that he issued the prescriptions, for which he made a uniform charge of $1 each.

[1] Several errors were assigned, but plaintiff in error relies in argument almost wholly upon the supposed variance between the offense charged in the indictment and the evidence adduced at the trial. In other words, it is claimed that what plaintiff in error did was to issue prescriptions, and not to sell. This contention has been authoritatively settled adversely to plaintiff in error by the Supreme Court of the United States in the case of Jin Fuey Moy v. United States, 254 U. S. 189. 41 Sup. Ct. 98, 65 L. Ed. ——, decided December 6, 1920.

Only three of the remaining assignments need be mentioned:

[2] 1. Plaintiff in error objected to the following question as leading:

"When these addicts are getting 15 grains a day, is it a craving for payment [treatment?], or for morphine? Is it not craving for the drug?"

A leading question may be permitted by a trial judge, and his discretion is not assignable as error.

[3] 2. Plaintiff in error objected to the following question:

"Where a physician persists in writing prescriptions for 15 grains a day, the only thing you can do is to put the addicts where they cannot get it, or put the man where he cannot give it to them; is that a fact?"

While it is true that the court overruled the objection to the question, and that the witness answered, "You have to do something, if you cut down their appetite for it," very quickly thereafter the court changed this ruling and stated:

"I want to make a correction in the ruling I made awhile ago. * * * I did not intend to admit that sort of testimony, and, gentlemen of the jury, you will not consider that testimony [that] the way is to put in the penitentiary the men who gave them these prescriptions. The question was not proper, and the answer was not proper."

If there was error, it was promptly and effectively cured.

[4] 3. Over objection, evidence was admitted to the effect that plaintiff in error had issued prescriptions to a large number of persons other than those described in the indictment. In his charge to the jury, the court limited the effect of such evidence to the intent with which the prescriptions for persons named in the indictment were issued, and distinctly charged the jury that conviction could not be based upon prescriptions for persons not so named. As so limited and explained, the evidence was admissible. It threw light upon the intent of plaintiff in error in respect to the vital question in the case of whether he was lawfully dispensing drugs in the course of his practice, or was using his profession of physician as a cloak to cover up a violation of the law. The admissibility of evidence as to other crimes upon the question of intent is the subject of an elaborate note to the case of People v. Molineux (N. Y.) in 62 L. R. A. 193; and the admissibility of such evidence, if not held, is assumed, in a prosecution

for the same offense as that here under consideration, in the case of Jin Fuey Moy v. United States, supra.

Error is not made to appear by any of the assignments. The judgment is affirmed.