### WILLIAMS v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 27, 1923.)

No. 3983.

1. **Criminal law ☞370, 371(1)—Evidence of former acts held admissible on issue of knowledge and intent.**

   On trial of a defendant charged with unlawful sale of morphine to an addict, evidence that defendant had previously sold and administered morphine to the same person *held* competent on the issue of his knowledge and intent.

2. **Poisons ☞9—Description of morphine sulphate in indictment as "morphine" held sufficient.**

   In an indictment under Harrison Anti-Narcotic Act, § 2 (Comp. St. § 6287h), the description, of morphine sulphate as "morphine," by which name it is commonly known, is sufficient.

In Error to the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Criminal prosecution by the United States against D. H. Williams. Judgment of conviction, and defendant brings error. Affirmed.

A. S. Baskett, of Dallas, Tex., for plaintiff in error.

Henry Zweifel, U. S. Atty., of Dallas, Tex. (H. L. Arterberry and F. M. Parrish, both of Fort Worth, Tex., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. Plaintiff in error was convicted of violating section 2 of the Harrison Anti-Narcotic Law (38 Stat. 785 [Comp. St. § 6287h]), by selling to a named person "one-sixteenth ($1/16$th) of an ounce of morphine, the same being a compound of opium, not in the regular course" of his professional practice as a physician, and not for the treatment of any disease, but for the purpose of satisfying the craving of one addicted to the use of morphine.

The trial court admitted evidence of other sales and of administering morphine by the plaintiff in error to the same person on many other occasions shortly prior to the time of the sale in question. It was shown by the testimony of chemists that the drug described in the indictment was morphine sulphate, but that it was commonly known as morphine. The court denied a motion based upon the ground that there was a variance between the indictment and the proof. The foregoing rulings are assigned as error.

[1] It was proper to allow proof that the plaintiff in error had either sold or administered morphine on previous occasions, as bearing upon his intent. A practicing physician does not violate the act in question if he merely dispenses morphine "in the course of his professional practice only;" but it is a violation of the law for a physician to dispense morphine for the purpose of gratifying the appetites of those addicted to the use of it. The evidence of other sales was therefore properly admitted to show knowledge and an unlawful intent. Dysart v. U. S. (C. C. A.) 270 Fed. 77; 16 C. J. 589. A dealer, as distinguished from a physician, is authorized to sell opium or its derivatives only upon a written order, and if he has not such order his intent is immaterial, and it was so held in Guilbeau v. U. S. (C. C. A.) 288 Fed. 731.

[2] A variance did not arise by reason of the fact that the drug described in the indictment as morphine was technically designated by the chemists as morphine sulphate. It was unobjectionable for the indictment to describe the derivative of opium sold as morphine, because it is commonly known by that name. James v. U. S. (C. C. A.) 279 Fed. 111. The indictment in this case is not at all like that in Guilbeau v. U. S., supra, decided by this court, and relied on by the plaintiff in error, where the pleader, instead of using a general term in common use, as was done in this case, made the description unnecessarily minute.

Error is not made to appear by any of the assignments, and the judgment is affirmed.