## SARGENT v. UNITED STATES.

Circuit Court of Appeals. Ninth Circuit.
October 21, 1929.

No. 5865.

W. H. Abel, of Montesano, Wash., and D. G. Abel, of Chehalis, Wash., for appellant.

Anthony Savage, U. S. Atty., of Seattle, Wash., and John T. McCutcheon, Asst. U. S. Atty., of Tacoma, Wash., for the United States.

Before DIETRICH and WILBUR, Circuit Judges, and LOUDERBACK, District Judge.

WILBUR, Circuit Judge. The appellant was convicted on three counts for selling morphine sulphate. He was a physician duly registered under the act of Congress approved December 17, 1914, § 1, as amended (26 USCA § 211). The first assignment of error is that "the court erred in admitting in evidence the record of purchases of narcotics and the record of narcotics sold and dispensed by appellant, during a period of two years."

According to the testimony the appellant, at the time of his arrest, stated that he had been selling morphine for a period of 14 years and that he could not resist the temptation of selling morphine when offered money for it. At the time of his arrest the appellant had just placed sulphate of morphine in a post office box and had removed $50 in money therefrom which had been placed there to pay for the morphine. The $50 in marked bills was taken from his possession immediately after he had removed it from the post office box, and Mr. Jackson, the government agent, said, "Your foot slipped this time, Doc," to which the appellant replied, "Yes, I guess you have got me." When he was taken to the office of the chief of police, the agent again said, "This is too bad, Doc," and he replied, "Yes, it is. Will you consider a substantial sum of money and permit me to plead guilty rather than send me to the penitentiary?"

■■■ The evidence of previous sales was admissible. Thompson v. United States (C. C. A.) 258 F. 196; Williams v. United States (C. C. A.) 294 F. 682; Casey v. United States (C. C. A.) 20 F.(2d) 752.

Appellant was required by law to keep records of his sales of morphine. These records were admissible. Sims v. United States (C. C. A.) 268 F. 234; C. M. Spring Drug Co. v. United States (C. C. A.) 12 F.(2d) 852.

The records found in the appellant's office and introduced in evidence showed that during the period of two years he had purchased 4,700 quarter-grain tablets of morphine sulphate, and had dispensed 1,282 tablets, and had on hand 370 tablets, leaving a total of 3,048 tablets not accounted for. The appellant contends that under section 2, subdivision (a), of the Narcotic Act, 26 USCA § 696(a), he was not required to keep a record where such drugs were dispensed or distributed to a "patient upon whom such physician * * * shall personally attend." He therefore claims that the record showing this difference between the amount purchased and the amount sold was not evidence of guilt, and also that such evidence put upon him the burden of explaining that the 3,048 quarter-grain tablets had been administered by him personally. If, as contended, the records were not evidence of guilt, the defendant clearly is not injured thereby.

The complaint of the appellant that the burden was thrown upon him of explaining how he had disposed of the 3,048 tablets of morphine sulphate is without merit. The purpose of the evidence of the prosecution is to establish guilt beyond a reasonable doubt, and the effect of such evidence, if incriminatory, is to call for an explanation from the defendant. If such rebuttal evidence is given, the jury weighs the evidence for and against the defendant in determining whether the government has sustained the burden of proof imposed upon it by law, and if no evidence is adduced by the defendant in answer to that presented by the government, the jury must determine the question of guilt or innocence without such evidence from the defendant.

On the question of entrapment the evidence does not disclose an entrapment. The court properly instructed the jury upon that subject. There is no assignment of error covering the matter, and our attention is called to no objection to the testimony which raised the question.

Judgment affirmed.