(No. 22566.— )
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALEX ROTHE *et al.* Plaintiffs in Error.

*Opinion filed October 24, 1934.*

CHARLES A. BELLOWS, for plaintiffs in error.

OTTO KERNER, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

The plaintiffs in error, Alex Rothe and Andrew Canniz-zaro, (hereinafter called the defendants,) were indicted in the criminal court of Cook county on a charge of robbery while armed with a deadly weapon. They were convicted, sentenced to the penitentiary, and now prosecute this writ of error to review that judgment.

The evidence for the People tended to prove that the defendants attempted to sell whisky to a man by the name of Randall Prieve, who operated a cigar store at Fifty-ninth street and Wentworth avenue, in the city of Chicago, and that in pursuit of this purpose they decoyed him into an alley; that he had $300 in his pocket with which he intended to purchase whisky, and that they held him up at the point of a gun and took his money from him. The testimony of Prieve to this effect was corroborated by George Lindquist, who worked for him and who was present at the supposed robbery. The testimony for the defendants was to the effect that they were selling cigarettes for a man named Frank Rossi on a commission and that they got Prieve to a garage, where he turned over the $300 on a promise that the cigarettes would be delivered later. Apparently they were never turned over to the complaining witness, and this prosecution followed.

The evidence is close, highly conflicting and entirely irreconcilable. Inasmuch as the case must be tried again we will decline further comment.

Several errors are argued, among them being (1) that the evidence is of an unsatisfactory character and preponderates in favor of the defendants; (2) that the trial court was guilty of prejudicial conduct of such a character as to deprive the defendants of a fair trial; (3) that incompetent testimony was admitted over the defendants' objections; (4) that the court erred in permitting the People to attempt to impeach the defendants upon an immaterial and irrelevant point; and (5) that the State's attorney trying the case was guilty of conduct prejudicial to the rights of the defendants.

We will not discuss the first point at any length because there is enough evidence to go to the jury in a properly conducted trial. The other points so far as necessary will be discussed in the order above named.

During the examination of the complaining witness, Prieve, he testified that at the police station the defendants admitted that they were guilty of robbery. An argument then ensued between counsel as to the use of the word "admitted," it being the conclusion of the witness, involving a determination of a point of law and clearly incompetent. Thereafter the court took up the examination of the witness and continued it for about four pages of the record. During this time the court was endeavoring to explain to the witness the difference between a conclusion and a fact, using various illustrations in his discourse with the witness. He ended it with the remark, "The jury may determine whether he admitted it or not." The witness had not testified as to any words of either defendant which could amount, technically, to an admission of guilt of robbery while armed with a gun. It was therefore error on the part of the court to convey the information to the jury that it might decide whether or not the defendants had admitted it. An admission of guilt of obtaining money by means of the confidence game or of larceny from the person might erroneously be construed by a juror or a lay witness as equivalent to an admission of guilt of the crime charged in this particular indictment. In *People* v. *Rongetti,* 331 Ill. 581, *People* v. *Lurie,* 276 id. 630, and in many other cases cited in those mentioned, we have pointed out the impropriety and dangers attendant upon the trial court attempting any extended examination of a witness. We have said that such examination is more properly the function of counsel, and explained the dangers of giving the appearance of bias in this particular method of procedure. What we have said in those cases need not be repeated here. The court erred in conducting this examination and his remark quoted above was prejudicial.

Later in the trial there occurred a lengthy colloquy between the trial judge and the attorney for the defendant concerning a point as to whether or not certain questions

were leading and suggestive. This culminated in a statement by the trial judge, in the presence of the jury, that he intended to fine the attorney for contempt of court. In considering this point we have examined not only the abstract but also the bill of exceptions and upon such examination have been unable to find any language or conduct on the part of the attorney for the defendants which in our opinion could be considered contemptuous of the trial court, nor anything sufficient to warrant the judge in taking such drastic action in the presence of the jury as was done in this case. It is impossible for us to say that the defendants were not prejudiced thereby.

During the closing arguments the prosecuting attorney stated to the jury that they had searched for Rossi and that he could not be found because there was no Rossi. Counsel for the defense objected to this statement as amounting to testimony on the part of the prosecutor, whereupon the court said: "Sit down, sit down; you can't address the jury again." This objection should have been sustained. It is improper for a prosecutor to state his opinion as to the guilt or innocence of a defendant or to state facts not proved by the evidence, or otherwise to get before the jury that which amounts to his own testimony. *People* v. *Black,* 317 Ill. 603.

It was not consistent with the duty of the trial judge in this case to hold the altercation which he did with counsel for the defendants, nor for him to say, in the presence of the jury, that he was going to fine counsel for contempt of court when no contempt of court had been committed, nor for him to impatiently tell counsel for the defendants to sit down when counsel was making a proper objection that should have been sustained. A fair trial is guaranteed to all persons, whether innocent or guilty, and it is the duty of the trial court to uphold this guaranty. (*People* v. *Black, supra; People* v. *Gardiner,* 303 Ill. 204; *People* v. *Newman,* 261 id. 11; *McDonald* v. *People,* 126 id. 150.)

This duty of the court has been extensively reviewed by us in *People* v. *McMullen,* 300 Ill. 383, *People* v. *Wilson,* 334 id. 412, *People* v. *Godsey,* 334 id. 11, and *People* v. *Judycki,* 302 id. 143, and in many other cases cited in the ones above mentioned. No useful purpose can be served by re-stating here what we have said in those cases. It is apparent from a reading of them that the conduct of the trial judge in this case was prejudicial to the defendants.

The court permitted the prosecution to prove by an officer that the defendants refused to make a statement at the police station. In this refusal they were within their rights, and the fact that they refused to make a statement had no tendency to either prove or disprove the charge against them. The admission of this evidence was prejudicial, and since it was neither material nor relevant to the issue being tried it should have been excluded. (*People* v. *King,* 276 Ill. 138.) Later in the examination of the same policeman he was permitted to state that the officers had talked to the defendants at the police station about other cases and had other people look at them, thereby tending to convey an impression to the jury that the defendants were implicated in other crimes. An objection was made to this testimony, a motion to strike followed it, and both were overruled. This was error, as the evidence was not competent.

There are other errors shown, particularly in connection with the closing argument for the State, which were in some degree prejudicial. Many statements made by the prosecutors amount to testimony on their part, which are all, as hereinabove pointed out, to be avoided upon a new trial. It would unduly prolong this opinion to discuss all of them.

For the errors indicated, the judgment of the criminal court of Cook county is reversed and the cause is remanded to that court for a new trial. *Reversed and remanded.*