(Nos. 36723-4.—
(Nos. 36725-6—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CARL T. LEWERENZ, Plaintiff in Error.

*Opinion filed March 23, 1962.*

Harry J. Busch and Jacob Shamberg, both of Chicago, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and John T. Gallagher and Rudolph L. Janega, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

Defendant, Carl T. Lewerenz, a licensed physician, prosecutes four separate writs of error to the criminal court of Cook County for the review of four judgments convicting

him of offenses against narcotic drug laws. We have consolidated the writs for consideration and opinion.

During April, 1961, four indictments were returned against defendant. The first charged him with unlawful sale of narcotic drugs, to-wit dolophine hydrochloride, to Eugene Nicolleti on March 27, 1961; the second charged a similar unlawful sale to Robert Lopez on March 23, 1961; the third charged a conspiracy, on March 27, 1961, to sell Nicolleti a narcotic drug otherwise than as provided in the Uniform Narcotic Drug Act; and the fourth charged a similar conspiracy to sell to Lopez on March 23, 1961. Lopez and Nicolleti were policemen who had gone to defendant's office and made the alleged purchases.

A jury found defendant guilty of the unlawful sale to Nicolleti charged in the first indictment, after which judgment was entered on the verdict and defendant sentenced to the penitentiary for a term of 10 to 12 years. Thereafter, defendant waived jury trials under the three remaining indictments and stipulated that all evidence adduced at the trial under the first indictment should be considered as the evidence in the remaining cases. It was also stipulated that the rulings and motions in the first trial should be considered the same in the other cases. Upon consideration of the record thus stipulated, the trial court found defendant guilty of each of the three remaining charges and, in each case, imposed a sentence to the penitentiary for a term of 10 to 12 years, each of which was ordered to be served concurrently with the other and with the sentence imposed at the conclusion of trial under the first indictment.

Review and reversal is sought of all four judgments. We may say at once, however, that the judgments entered under the conspiracy indictments must be reversed, inasmuch as the People confess there is no evidence in the record to sustain them. This leaves for our consideration only the judgments entered under the indictments charging unlawful sales to Nicolleti and Lopez. As to these judgments it is

defendant's contention that numerous and prejudicial trial errors denied him a fair trial and require reversal.

At the jury trial under the first indictment Officer Nicolleti gave testimony which, if believed by the jury, established that defendant had consciously, intentionally and unlawfully sold him a narcotic drug on March 27, 1961, after Nicolleti had represented that he was a narcotics addict and that he had been referred to defendant as one who would "take care" of addicts. Thereafter, over defendant's objections, the court allowed Officer Lopez to testify to an alleged similar sale to him on March 23, 1961, that is, the crime charged in the second indictment. Defendant, invoking the rule that it is improper to admit evidence of one crime to prove another unless it has some direct tendency to prove the crime charged, insists that the admission of such evidence was prejudicial error. On the basis of the stipulations entered into as to the second indictment, defendant also asserts that evidence of the sale to Nicolleti was improperly permitted to stand as evidence in the record upon which he was convicted of the sale to Lopez.

In prosecutions for offenses involving narcotics, authorities are in accord that evidence of other offenses is inadmissible unless it comes within one of the recognized exceptions to the general rule, *i.e.,* where it is a part of the *res gestae,* or where it helps to disclose motive, intent, premeditation, guilty knowledge, malice or a common plan or scheme. (See: 22A C.J.S., Criminal Law, sec. 691(25) and cases there cited.) Within the rule, we have held that in a prosecution for a sale of narcotics on a specified date, (the situation of the instant case,) the sale of narcotics on a prior date may not be shown to convict the accused of the crime charged. (*People* v. *Rivas,* 5 Ill.2d 556.) However, the situation here is far different from that in *Rivas.* Here, a doctor is charged with unlawfully selling narcotic drugs. The statute provides that a physician may prescribe and furnish narcotics if he believes in good faith that his pa-

tient is suffering from a condition, other than drug addiction, which requires such treatment. (Ill. Rev. Stat. 1959, chap. 38, par. 192.28—11.) Thus the element of good faith and motive is present in cases involving sales by physicians, but is lacking in the usual sale-of-narcotics case. The issue of good faith is presented by the defendant's plea of not guilty and evidence tending to show a lack of good faith or improper motive may be introduced in the State's case in chief. (*People* v. *Fong,* 277 P.2d 859.) This distinction in cases involving sales of narcotics or liquor by physicians has been recognized in numerous authorities holding that evidence of other sales or prescriptions is admissible to show lack of good faith, improper motive, or intent. (Wigmore, Evidence, Third Ed., vol. II, sec. 368; *Morris* v. *United States,* (5th cir.), 123 F.2d 957; *Anthony* v. *United States,* (9th cir.), 256 F.2d 50; *United States* v. *Abdallah,* (2d cir.), 149 F.2d 219; *Strader* v. *United States,* (10th cir.), 72 F.2d 589; *Dysart* v. *United States,* (5th cir.), 270 F. 77; *Lee* v. *State,* 8 Ga. App. 413, 69 S.E. 310; *People* v. *Humphrey,* 194 Mich. 10, 160 N.W. 445; *State* v. *Patterson,* (Mo. App.), 222 S.W. 882; *City of Everett* v. *Cowles,* 97 Wash. 396, 166 P. 786.) We are of the opinion that the evidence of other sales in the present case was admissible as tending to prove the defendant's lack of good faith.

The trial court also permitted the prosecution to prove, over defendant's objection, that at the time of his arrest defendant had refused to make a statement on advice of counsel. This, too, was prejudicial error in both cases. As pointed out in *People* v. *Rothe,* 358 Ill. 52, 57, an accused is within his rights when he refuses to make a statement, and the fact that he exercised such right has no tendency to prove or disprove the charge against him, thus making evidence of his refusal neither material or relevant to the issue being tried.

Defendant next assigns as error the refusal of the trial court to admit evidence whereby he sought to establish that

his purchase of narcotics and the stocks he maintained were so minimal as to negate any possibility of a flow of narcotics from his office, and that the prices he charged for dolophine and tranquilizers were customary charges in the medical profession, thus negating a motive of profiteering at the expense of narcotic addicts. We are of the opinion that this evidence should have been admitted. The statute provides that a physician may prescribe, furnish, or administer narcotic drugs to a patient when the patient is suffering from a disease, ailment or injury, provided that the physician in good faith believes that such condition requires such treatment. (Ill. Rev. Stat. 1959, chap. 38, par. 192.28—11.) Tht evidence in question was relevant and material as tending to establish the defendant's good faith in furnishing the narcotic drugs.

Complaint is next made that the prosecutor's final argument went beyond the evidence in the record, and that it was replete with improper remarks calculated to prejudice and inflame the jurors. Both charges are substantiated by the record. The prosecutor argued that officers Nicolleti and Lopez had been directed to defendant's office by an addict-informer, but we find no direct proof that this was so. Further, the argument played up the prior sale to Lopez to the hilt to support insinuations that defendant had been habitually involved in criminal activities, and also dwelt upon many irrelevant matters aimed at disparaging defendant and ridiculing his profession. It requires neither minute analysis nor extensive review of authority to determine that such argument was extremely prejudicial. Cf. *People* v. *Stanko,* 402 Ill. 558; *People* v. *Black,* 367 Ill. 209; *People* v. *Galloway,* 7 Ill.2d 527.

We also find, as defendant contends, that remarks of the trial judge in the presence of the jury were a source of prejudice which denied him a fair and impartial trial. On no less than sixteen occasions during trial, usually when defendant's counsel made what appear to be normal and brief

objections to evidence, the court characterized his efforts as "speeches," ruled that "the speech is stricken," and in some instances admonished counsel not "to make any speeches to me before the jury." In no instance does the characterization or attitude appear to be justified and their constant repetition could not have done other than to convey to the jury a hostile attitude toward the defense. A fair trial is guaranteed to all persons, innocent or guilty, and it is the duty of the trial court to uphold this guaranty. (*People* v. *Black,* 367 Ill. 209; *People* v. *Rothe,* 358 Ill. 52.) In this case it was not consistent with such duty for the court to constantly disparage counsel and to berate him for what appears to be no more than a conscientious effort on the part of the latter to fulfill his own duties as an advocate. Jurors are quick to perceive any leaning of the court and place great reliance upon what he says and does, so that his statements ‚and intimations are liable to have the force of evidence and be most damaging to an accused. (*People* v. *Finn,* 17 Ill.2d 614; *People* v. *Marino,* 414 Ill. 445; *People* v. *Egan,* 331 Ill. 489; *People* v. *Filipak,* 322 Ill. 546.) We conclude that the impression conveyed to the jury by the remarks of the trial judge in this case was prejudicial error.

Other errors are assigned but since they are of such nature that they will not likely recur upon a new trial no beneficial purpose can be served by further extending this opinion to discuss them. For the reasons stated, the judgments entered under the conspiracy indictments are reversed without remanding, while the judgments entered under the indictments charging sales to Nicolleti and Lopez, respectively, are reversed and the causes remanded for new trials.

*Nos. 36725 and 36726 judgments reversed.*
*Nos. 36723 and 36724, reversed and remanded.*