(No. 36042.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM DELNO, Plaintiff in Error.

*Opinion filed September 23, 1966.*

**160**

[redacted]

SEYMOUR J. GAYNES, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and CARMEN V. SPERANZA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

William Delno was convicted of armed robbery in a bench trial in the circuit court of Cook County and sentenced to the penitentiary for a term of 8 to 12 years. He now contends he was denied due process when the trial judge allowed a prosecution witness to testify that defendant did not want to make a statement concerning the offense charged against him.

A. C. Stokes testified that he finished his daily employment at the United States Steel plant in Chicago at 11:15 P.M. on January 20, 1957. As he approached his automobile in the plant parking lot, he noticed that one of the tires was flat. He attempted to change the tire but found that he had no jack handle. He observed two men seated in an automobile in the parking lot and asked them for assistance. A tire tool was loaned Stokes and he removed the flat tire

from his car. One of the men offered further assistance and drove him to a service station so that the tire might be repaired. The repairs could not be made at that time but Stokes did fill the tire with air and was then returned to the parking lot by the two men who had assisted him.

When the trio arrived at Stokes's automobile, one of the two men brandished a gun, ordered Stokes to get out of their car and to re-enter and sit between the two men on the front seat. There they robbed him of a wristwatch, wallet, car keys, overcoat and his weekly paycheck. He was then driven to an alley and allowed to leave the car unharmed. He called the police immediately and gave them a description of the robbers. Defendant and Merril Holmes were arrested on January 21, 1957, at about 2:30 A.M., and defendant was identified by Stokes in a line-up as one of the two robbers.

Defendant testified at the trial that he and Holmes had been together since 11:45 P.M. on January 20, 1957, and at no time did either he or Holmes commit the robbery. The prosecuting witness was unable to identify Holmes as one of the robbers.

During the trial, the arresting officer, Robert Merk, in response to a question as to whether he had received a statement from defendant, testified that the latter had refused to make a statement. Defense counsel objected to the word "refused" whereupon officer Merk testified that defendant stated that he did not want to make a statement. There was no definitive ruling on defense counsel's objection.

While this court has previously held that, during a jury trial, allowance of testimony that a defendant refused to make a statement to the authorities is prejudicial error (*People* v. *Lewerenz,* 24 Ill.2d 295; *People* v. *Rothe,* 358 Ill. 52), as such testimony is neither material nor relevant to the issues being tried, the presumption ordinarily obtains that, in a bench trial, the trial court considers only competent evidence. (*People* v. *Cox,* 22 Ill.2d 534, 539.) Defendant argues, however, that the presumption is overcome where,

162

as here, the trial court interjected itself into the proceedings and asked, after defense counsel's aforementioned objection, "Well, what did he say?" Officer Merk replied that defendant said that he did not want to make a statement. This, argues defendant, "clearly and effectively rebuts the presumption that the trial judge considered only competent evidence in his decision."

We believe the record indicates that the trial judge was merely admonishing the witness to relate exactly what the defendant had said, and not to give the witness's opinion concerning the substance of his conversation with the defendant. This clearly does not establish that the trial judge considered objectionable evidence in reaching his decision. Where guilt is otherwise manifestly shown, there must be raised more than a mere suspicion that the trial judge in a bench trial considered improper evidence in order to rebut the presumption that only proper evidence was considered in reaching a determination on the merits of the cause. See *People* v. *Frenchwood,* 28 Ill.2d 139.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*