(Nos. 40095-6-7 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JULIAN PETO *et al.*, Appellants.

*Opinion filed September 29, 1967.*

JACK A. BRUNNENMEYER, Public Defender, of Peoria, for appellants.

GEORGE R. KENNEDY, State's Attorney, of Peoria, (JAY H. JANSSEN, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The defendants, Robert Powell, Julian Peto, and William Rose, were convicted of burglary in the circuit court of Peoria County in April, 1966, and each was sentenced to a term of not less than 5 nor more than 8 years in the Illinois State Penitentiary. Following denial of their motions for a new trial and in arrest of judgment, the defendants bring this appeal contending they were denied a fair trial because of numerous trial errors, *viz.*: (1) the charge was not proved beyond a reasonable doubt; (2) the court erred in admitting evidence found in the car in which defendants were arrested and evidence found at the scene

of the burglary; (3) the court erred in allowing evidence that defendants were arrested in a stolen car; (4) the court erred in allowing the introduction of a pistol found in the car; (5) the trial court violated defendants' constitutional rights in permitting testimony that defendants refused to give any statements or discuss the crime for which they were arrested; (6) the lower court erred in allowing evidence of an attempted jail break in which the defendants allegedly participated; (7) the court below erred in giving certain People's instructions over defendants' objections.

About 12:15 A.M. on the morning of November 12, 1965, James Scott, Jr., returned home from work. Scott lived two doors from the Heights Hardware Company in Peoria Heights. On that morning he noticed a 1953 blue Chevrolet without a license plate on the front of the car, with a decal sticker on the lower right area of the front windshield, and a spotlight on the left side of the car, parked directly behind the hardware store. As Scott pulled into his parking space at the rear of his home he turned his bright lights on the car and saw a man, who was later identified as Robert Powell, one of the defendants, standing by the right door of the Chevrolet with a bundle of guns on the ground near him. He also observed a man, later identified as defendant Julian Peto, standing on the roof of the Heights Hardware Company building. Scott immediately drove to the Peoria Heights police station and reported the apparent crime.

About one half hour after Scott had observed and reported the burglary, Peoria police officers stopped a blue 1953 Chevrolet automobile with Missouri license plates on the rear of the car and no license on the front. The defendant Powell was driving, the defendant Rose was in the front seat and the defendant Peto was in the back seat. The auto was searched by the police officers and an automatic pistol was found in a crevice of the front seat; under the front seat there was a flashlight with masking tape

partially covering the light head, and a yellow plastic-handled screwdriver with "Wm. B. Rose" scratched on the handle. A small pry bar was also found. The police officers who investigated the burglary discovered three holes cut in the roof of Heights Hardware Company building; they also found a saw, hammer, bit, a bundle of guns, three gun cases and cloth gun containers full of pistols on the roof of the hardware store. On the ground at the rear of the store another 20 to 25 rifles were found.

Subsequently, the defendants were indicted, tried and convicted of the burglary of the Heights Hardware Company, substantially on the basis of the foregoing evidence.

The defendants' initial contention is that they were not proved guilty beyond a reasonable doubt. Such a contention cannot be sustained.

Scott, who observed the burglary in progress, positively identified Robert Powell as the man he observed standing by the car during the burglary, and Julian Peto as the man on the roof of the Heights hardware store on that night. All three defendants were arrested in a light blue 1953 four-door Chevrolet automobile with a Missouri license plate on the rear and no license plate on the front, within one half hour after Scott reported the burglary. This car had been clearly described by Scott as the car parked in the rear of the hardware company during the burglary.

A flashlight which had masking tape covering part of the light head was found in the auto. The masking tape covering the flashlight was shown by expert testimony to be from the same strip of tape that was found on a saw left at the scene of the burglary.

Tar was found on defendant Peto's clothing and tar was also found on the roof of the hardware store. Wood shavings, debris and paper taken from Peto's clothing were also similar in characteristics in the opinion of the expert witness to that found on the roof of the Heights hardware building.

Too, the owner and clerk of Heights Hardware identified the defendants as having been in the store earlier on the day of the burglary. Joseph Gobel testified that he had observed a 1953 Chevrolet late at night behind the hardware store, and had recorded the number of the single license plate it bore.

It is the province of the jury to determine the guilt or innocence of the defendants and its judgment will not be set aside by this court unless it is palpably contrary to the weight of the evidence or so unsatisfactory as to justify a reasonable doubt of defendants' guilt. (*People* v. *Solomon,* 24 Ill.2d 586, 591; *People* v. *Pulaski,* 15 Ill.2d 291, 297; *People* v. *Marose,* 10 Ill.2d 340, 343; and *People* v. *Davis,* 14 Ill.2d 196, 202.) The evidence persuasively demonstrates the guilt of the defendants and the suggestion cannot be entertained that the verdict was palpably contrary to the weight of the evidence.

The defendants next urge that the trial court erred in allowing in evidence alleged burglary tools, including two flashlights, a revolver, a gun clip, a screw driver, and a bar for a hydraulic jack. They argue that these items were not shown to have a connection with the crime or the defendants. This position is untenable. The evidence concerned was found at the scene of the burglary and in the immediate vicinity of the defendants' arrest. The relationship between the evidence admitted and the defendants was convincingly established. Our cases of *People* v. *Craddock,* 30 Ill.2d 348; *People* v. *Santucci,* 24 Ill.2d 93; *People* v. *Stanton,* 16 Ill.2d 459; *People* v. *Malmenato,* 14 Ill.2d 52; *People* v. *Tomaszewski,* 406 Ill. 346, resemble and control the case at bar.

The defendants assert that it was error to permit the prosecution to show that the auto in which they were arrested had been apparently stolen two months before by one of the defendants when it was not shown or urged that the theft of the auto was part of a scheme to burglarize the

store. As a general proposition it is true that evidence of extra-indictment offenses is generally inadmissible because, as we declared in *People* v. *Lehman,* 5 Ill.2d 337 at 342: "The law distrusts the inference that because a man has committed other crimes he is more likely to have committed the current crime." However, this general proposition is not without exception. We also said in *Lehman* that when evidence is independently relevant it is admissible.

An examination of the testimony of the husband of the owner of the auto discloses that while he did not testify that the defendant Powell or either other defendant wrongfully took the car, he did testify he was in the company of the defendant Powell in Kansas City, Missouri, the night he last had possession of the auto prior to its recovery following the burglary. However, the principal purpose of the witness's testimony was to disclaim knowledge and ownership of the State's exhibits 1 to 6 which had been found in the car. Possession and ownership of the auto and the items found therein on the night of the burglary were certainly relevant issues. The State relied, as has been seen herein, on connecting the evidence found at the burglary scene and in the auto with the defendants. Thus, it is proper for the State, under these circumstances and not knowing what defense might be offered, to introduce testimony that the car was not in the possession of the owner nor were the items found in the vehicle owned by or in the possession of the owner at the time of the burglary. In *People* v. *Walls,* 33 Il.2d 394, evidence of an auto theft subsequent to the rape for which the defendant was indicted was admitted into evidence. Rejecting the contention that such admission was erroneous, this court said in part, at 397: "Turning to defendant's first contention, we do not agree that the evidence concerning the car and its ownership was so irrelevant to the State's case as to render its admission reversible error. * * * All the testimony which defendant objects

to was introduced as a part of the State's case in chief, at which time the State's Attorney was presumably unaware of what defense the defendant planned to use. Ownership of the car and who it was driven by on the night of the alleged rape were of course relevant issues in the case."

We deem that under the circumstances of this case the suggestion of an extra-indictment offense was a by-product of the offering of relevant evidence by the State and did not constitute error. See *People* v. *Lenhardt,* 340 Ill. 538.

The defendants' protests that the introduction of the seized pistol into evidence was without justification and was solely for the purpose of arousing prejudice against the defendants are not persuasive. Here the pistol was found in the car occupied by the defendants within one-half hour after the burglary. The pistol, as the other articles suitable for use in the burglary, was properly received in evidence.

It is submitted by the defendants that it was error to permit testimony that the defendants Rose and Powell refused to furnish statements or "talk about the subject matter of their arrests." They argue that the right against self-incrimination was thereby infringed. Decisions of this court, *People* v. *Rothe,* 358 Ill. 52 and *People* v. *Lewerenz,* 24 Ill.2d 295, are cited, wherein it was held to have been prejudicial error to have admitted evidence over objection that the defendant had refused to make a statement.

However, the State, correctly we believe, argues that the defendants have not properly presented the question to be resolved. The State cites the record as disclosing that prior to any questioning the defendants Rose and Powell were advised of their constitutional rights. Thereafter, Rose replied in the negative when asked by officer Shields whether he "found it difficult to get in" the store. Rose then added that he didn't want to say any more. When officer Shields began discussing the burglary with Powell, that defendant stated: "I never copped out on anything and

I am not going to do it now." Shields continued: "Can you tell me if there were any gloves used?" and Powell replied: "There were no gloves used."

The proposition is undeniable that it is error to permit the prosecution to offer evidence that an accused refused to make a statement. We said in *People* v. *Lewerenz,* 24 Ill.2d 295, at 299, that "* * * an accused is within his rights when he refuses to make a statement, and the fact that he exercised such right has no tendency to prove or disprove the charge against him, thus making evidence of his refusal neither material or relevant to the issue being tried." It is apparent from what we have said in the preceding paragraph that the real question posed here differs from the question as selectively expressed by the defendants. The prosecution obviously was interested in bringing out the inculpatory expressions by the defendants concerned, which clearly were relevant and had a tendency to prove the charges against them.

The trial was prior to *Miranda* (384 U.S. 436, 16 L. Ed. 2d 694) and its commands were inapplicable. We deem the evidence was properly received.

The defendants' brief does not make their next contention entirely clear but it appears they challenge the credibility of the prosecution's witness who testified to the attempted jail break and defendants' participation therein. It is said that the testimony of the witness was untrustworthy because he was a convicted felon and had on another occasion attempted escape and had received promises he would not be prosecuted for his participation in the attempted escape here involved. It is clear that the credibility of the witness was a question for the jury to assess, and it is also clear that his testimony was relevant and admissible. In *People* v. *Gambino,* 12 Ill.2d 29, at 32 this court stated: "Upon the trial of an accused, it is competent to prove that he escaped or attempted to escape from custody as a fact raising a presumption of his guilt of the crime charged.

(*People* v. *Talbe,* 321 Ill. 80; *Jamison* v. *People,* 145 Ill. 357.)" See also *People* v. *Harper,* 36 Ill.2d 398, 403.

We find no merit in defendants' objections to various instructions given by the trial court. We have examined all of the instructions given by the court and find them to have been a fair and accurate statement of the pertinent law and an adequate guide for the jury.

Having found no reversible error in the trial court proceedings we therefore affirm the judgment of the circuit court of Peoria County.

*Judgment affirmed.*