THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NATHAN McDOWELL, Defendant-Appellant.

(No. 70—193;

Third District—March 21, 1972.

James Geis, of Defender Project, of Ottawa, for appellant.

Roland N. Litterst, Assistant State's Attorney, of Peoria, for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Defendant, Nathan McDowell, was found guilty by a jury of theft. The Circuit Court of Peoria County entered its judgment of conviction and sentenced defendant to a term of from 1 to 10 years in the penitentiary from which judgment and sentence defendant appeals.

On April 18, 1970, at about noon, George Sommer, a photographer, parked his car on MacArthur Street in Peoria in front of a florist shop. Sommer was in the florist shop when a telephone call was received from someone in the neighborhood reporting that a car was being broken into. The identity of the caller was never ascertained. After the florist called the police, Sommer went out to his car and found that the rear side window had been broken with a brick which was then lying on the back seat. Sommer's camera, a 4 x 5 speed graphic and two cases had been taken from his car. Sommer looked up and down the streets in the area for a few minutes saw no one and returned to the florist shop.

Jerome Andrews who resided four houses away from the florist shop, came to the shop apparently after the police arrived and indicated that he had seen defendant walking along the street away from the florist shop carrying a camera and two black cases. According to Andrews he had casually known defendant for 13 years. The witness also described the appearance of another man walking with defendant in the same direction.

According to the testimony of Nicholson, the owner of the 301 Club, located about a block from the florist shop, McDowell and a companion came into his place of business between 2 and 3 o'clock in the afternoon of April 18th, the day of the theft. McDowell who was known to the witness, offered to sell a camera to the witness for $30.00, the witness declining to make the purchase. McDowell and his companion left the 301 Club and shortly thereafter Sgt. Walker of the Peoria Police Department appeared and was told about the previous incident. Sometime later McDowell returned to the 301 Club and was arrested. His presence was reported to Sgt. Walker by Nicholson. At the time of his arrest in the 301 Club none of the items stolen from the Sommer car were in McDowell's possession.

According to the testimony of Sgt. Walker he was told by Hatchett, the bartender at Ginny's Tavern, that McDowell and Butch Jackson were in his tavern on the afternoon of Saturday, April 18th and had a camera which they tried to sell him but which he refused to buy. According to Hatchett's statement to Sgt. Walker both men then left but later Jackson returned alone and at that time Hatchett bought a camera from Jackson for $40.00.

On Sunday morning, April 19, 1970, Sgt. Walker got the camera which Hachett had purchased and returned to the police station where it was

identified by Sommer as the camera stolen from his car on the previous day. Defendant was confronted with the camera and the fact of its identification by Sommer and upon further questioning agreed to go with Sgt. Walker and Sommer to a place where the other equipment might be hidden. In the company of Sommer, Sgt. Walker and another policeman, McDowell went to a house near the vicinity of the 301 Club and indicated that other equipment might be hidden under the porch. Two camera bags containing light meter and lenses were discovered under the porch and identified by Sommer as being part of the other equipment taken from his car.

Both Jackson and McDowell were charged with the theft but their cases were severed and only McDowell is a defendant in this case. Defendant did not testify and offered no evidence in his own behalf.

In seeking to reverse his conviction defendant argues (1) improper and prejudicial evidence was admitted, (2) the evidence is insufficient to support the verdict and (3) the sentence imposed is excessive.

With respect to defendant's first assignment of error regarding improper evidence it appears that after defendant was arrested by Sgt. Walker he was taken to the Peoria Police Station. According to the testimony of Sgt. Walker he was at that time given his *Miranda* warnings and in open court Walker read the specific warnings given defendant from a card embodying the appropriate warnings as required by *Miranda*. After defendant was given such warnings Walker testified that "McDowell at that time said he didn't want to talk about it, he wasn't responsible for it * * *".

Defendant argues that the testimony regarding the *Miranda* warnings and his refusal to make any statement was irrelevant and prejudicial. According to the State no objection to the testimony was made by defendant at the time of trial, no motion to suppress Walker's testimony had been made prior to trial and the statement was favorable to the defendant and hence could not be prejudicial.

In *People v. Lampson*, 129 Ill.App.2d 72, 262 N.E.2d 601 and *United States v. Kroslack*, 426 F.2d 1129, the Court declared that the exercise of a defendant's constitutional right to decline to make a statement before trial was of no probative value in determining guilt or innocence. To permit the introduction of such testimony would impair or penalize the exercise of a constitutional right.

In *People v. Johnson*, 2 Ill.App.3d 965 (Third Dist.) the court held that notwithstanding defendant's failure to object to the type of testimony presented in this case nevertheless the issue might be considered under the doctrine of "plain error", Supreme Court Rule 615(a). In that

case the court concluded that the testimony even though erroneous was harmless error not justifying a new trial.

■■ In the case at bar we believe the testimony regarding the defendant's refusal to make a statement was improper and the reason why defendant refused to make the statement does not change the rule. The testimony regarding the *Miranda* warnings and the defendant's response could have contributed to the finding of guilty, at any rate when considered with the evidence which is less than overwhelming we are unable to say beyond a reasonable doubt that it did not. *Chapman v. California,* 386 U.S. 18 and *People v. Johnson,* 2 Ill.App.3d 965.

From the testimony regarding the giving of the *Miranda* warnings and defendant's response thereto the record affirmatively shows that defendant did not knowingly waive his rights in accord with the *Miranda* rule. Although this issue is not before us the admissibility of defendant's admissions on the following morning could be affected by defendant's waiver or non-waiver of his rights. For the foregoing reasons the judgment of the Circuit Court of Peoria County is reversed and the cause is remanded with directions that defendant be granted a new trial.

Reversed and remanded with directions.

DIXON, J. concurs.

Mr. JUSTICE ALLOY, dissenting:

I do not believe that the principle of determining the propriety of the testimony with respect to the *Miranda* warnings even though no objection was made should be applied in this case. Not only was no objection made but the response of the defendant was that he did not want to talk about it and was not responsible for the theft. The basis of determining the propriety of evidence (unobjected to) which might be improper, is whether the ends of justice would be served by such consideration, and whether in fact the evidence would require remandment. (*People v. Johnson,* 2 Ill.App.3d 965.) I do not believe that this principle should apply in view of all the evidence in this case.