THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT ESTES, Defendant-Appellant.

(No. 72-211; )

Third District—June 26, 1974.

Marshall Douglas, of East Moline, for appellant.

F. Stewart Merdian, Assistant State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Albert Estes, the defendant, after trial by jury in the circuit court of Rock Island County was convicted of the offense of robbery and sentenced to a term of not less than 3 nor more than 10 years in the penitentiary.

No useful purpose would be served by setting forth a recital of the facts which constituted the crime allegedly committed by the defendant since we are concerned with certain testimony adduced during the course of the defendant's trial.

■■ It is the defendant's contention that reversible error was committed when a witness, Detective Coleman, was permitted to testify as to his refusal to talk after he had indicated that he desired to remain silent. This assignment of error is based upon the following colloquy:

> "*Witness*: * * * I asked him if there were any questions about what his rights were. He said he understood what his rights were. He had been shown the paper, he had seen the paper, and that was it.
>
> *Prosecution*: Okay, then what did you do?
>
> *Witness*: I asked him if he wanted to talk to me about the robbery at Super Par.
>
> *Prosecution*: What did he say?
>
> *Witness*: He didn't seem like he wanted to talk about it. The only thing he said was he had—
>
> *Defense Counsel*: I object. If he made any indication that he did not want to talk about it, then it was your duty not to talk to him unless his lawyer was present—
>
> *Prosecution*: Judge, if he wants to argue at this point, I think the jury should be excused. Otherwise, I will continue on * * * or if you want to rule now—
>
> *Court*: I will overrule the objection right now.
>
> *Witness*: He said before actually he made the remark that he didn't want to make a statement. He said that he had witnesses and alibi witnesses to say he wasn't there."

In examining this colloquy it is apparent that it is ambiguous as to

whether the defendant's remarks concerning an alibi were made before or after he indicated that he didn't want to talk. We cannot determine with certainty that the defendant voluntarily made his exculpatory remarks prior to being advised as to rights as required by *Miranda v. Arizona*, 384 U. S. 436, 16 L. Ed. 2d 694, 86 S.Ct. 1602. Since we cannot so determine we are compelled to abide by the rule that where an accused exercises his constitutional right not to make a statement, the fact that he may say something else in response to interrogation by an investigating officer renders such response equivocal and fails to demonstrate that the accused has waived his right to remain silent.

■■ It is clear from the colloquy which we have set forth that testimony was admitted into evidence which informed the jury that the defendant did not wish to make a statement. Counsel for the defendant made a timely objection to such testimony and we are of the opinion that error was committed when such objection was overruled. See *People v. Lampson*, 129 Ill.App.2d 72, 262 N.E.2d 601.

It is the prosecution's position that the defendant made exculpatory statements, to-wit, that he had alibi witnesses and therefore such remarks were admissible for the jury's consideration and especially in view of the fact that in the instant case the defendant failed to produce such witnesses. In support of its position the prosecution relies upon the case of *People v. Peto*, 38 Ill.2d 45, 230 N.E.2d 236. We note that in *Peto* our supreme court carefully recognized that the defendant was tried prior to the *Miranda* case. With such a specific disclaimer we have a strong indication that the application of the *Miranda* rule to facts such as existed in *Peto* might well have warranted a contrary result. We cannot agree that the case of *Peto* supports the prosecution's argument.

The defendant in this appeal alleges other assignments of error, but since we deem it necessary to remand this case for a new trial these further claims of error need not be considered.

For the reasons set forth the judgment of the circuit court of Rock Island County and the conviction imposed thereon are so reversed and this cause is remanded for a new trial.

Reversed and remanded.

ALLOY and STOUDER, JJ., concur.